## *In re* SANBORN, Petitioner.

### ORIGINAL.

No. 11. Original. Argued March 7, 1893. — Decided March 20, 1893.

No appeal from findings of fact and of law and the decision of the Court of Claims thereon made upon a claim transmitted to it by the head of a Department with the consent of the claimant, and reported to that Department by the court under the provisions of the act of March 3, 1887, 24 Stat. 505, c. 359, lies to this court on the part of the claimant.

THE case is stated in the opinion.

*Mr. George A. King,* (with whom were *Mr. Charles King* and *Mr. William B. King* on the brief,) for petitioner.

*Mr. Assistant Attorney General Maury* opposing.

MR. JUSTICE SHIRAS delivered the opinion of the court.

A claim of John B. Sanborn, presented in the Department of the Interior, for certain fees under a contract with Sisseton

and Wahpeton Indians, of ten per cent of the amount appropriated for said Indians by section 27 of the Indian Appropriation Act of March 3, 1891, 26 Stat. 989, c. 543, was referred by the Secretary of that Department, with the consent of the claimant, to the Court of Claims, in pursuance of § 12 of the act of March 3, 1887, 24 Stat. 505, c. 359; 1 Sup. Rev. Stat. 2d ed. 561. That court having concluded that Sanborn was not entitled to recover, and having reported its findings of fact and conclusions of law to the department, Sanborn, on the 6th day of July, 1892, asked for the allowance of an appeal to the Supreme Court of the United States. This application, being made in a vacation of the Court of Claims, was heard and denied by the Chief Justice, but was renewed and argued before all the Judges on November 2, 1892, and was denied by the court, which adopted the opinion of the Chief Justice previously filed upon the motion before him.

Thereupon Sanborn filed, in this court, his petition praying that a writ of mandamus be allowed to the Chief Justice and Judges of the Court of Claims, commanding them to allow his appeal as prayed for.

The question for us to answer is whether, where a claim or matter is pending in one of the executive departments, which involves controverted questions of fact or law, and the head of such department, with the consent of the claimant, has transmitted the claim, with the vouchers, papers, proofs and documents pertaining thereto, to the Court of Claims, and that court has reported its findings of fact and law to the department by which it was transmitted, the claimant has a right by appeal to bring the action of that court before us for review.

The petitioner does not complain of any illegality on the part of the court below in dealing with his claim. He concedes that the action of that court had been invoked with his consent. What he complains of is the refusal of the court to allow his appeal; and we learn, from the opinion of the court, that its refusal to allow the appeal was not put upon any irregularity or defect in the claim, or in the application for the allowance of an appeal, but upon its view that the

proceedings before it were not the subject of appeal to this court.

We must find an answer to the question thus put to us by a construction of the act of March 3, 1887, read in the light of the previous legislation establishing the Court of Claims, and regulating the subject of appeals from its judgments to this court.

This subject came, for the first time, before this court in the case of *Gordon* v. *The United States*, 2 Wall. 561, wherein it was held that, as the law then stood, no appeal would lie from the Court of Claims to this court. The reasons for this conclusion are stated in the opinion of Chief Justice Taney, reported in the appendix to 117 U. S. 697, and interesting as his last judicial utterance. Briefly stated, the court held that as the so-called judgments of the Court of Claims were not obligatory upon Congress or upon the executive department of the government, but were merely opinions which might be acted upon or disregarded by Congress or the departments, and which this court had no power to compel the court below to execute, such judgments could not be deemed an exercise of judicial power, and could not, therefore, be revised by this court.

A similar question arose in this court as early as 1794, in the case of the *United States* v. *Yale Todd*, an abstract of which case appears in a note by Chief Justice Taney to the later case of the *United States* v. *Ferreira*, 13 How. 52, and wherein it was held that an act of Congress conferring powers on the Judges of the Circuit Court to pass upon the rights of applicants to be placed upon the pension lists, and to report their findings to the Secretary of War, who had the right to revise such findings, was not an act conferring judicial power, and was, therefore, unconstitutional.

The case of the *United States* v. *Ferreira*, was that of an appeal from the District Court of the United States for the District of Florida. The Judge of that court had acted in pursuance of certain acts of Congress, directing the Judge to receive, examine and adjust claims for losses suffered by Spaniards by reason of the operations of the American army in

Florida. It was decided that the Judge's decision was not the judgment of the court, but a mere award, with a power to review it conferred upon the Secretary of the Treasury, and that from such an award no appeal could lie to this court.

Afterwards, and perhaps in view of the conclusion reached by this court in these cases, on March 17, 1866, 14 Stat. 9, c. 19, Congress passed an act giving an appeal to the Supreme Court from judgments of the Court of Claims, and repealing those provisions of the act of March 3, 1863, which practically subjected the judgments of the Supreme Court to the re-examination and revision of the departments, and since that time no doubt has been entertained that the Supreme Court can exercise jurisdiction on appeal from final judgments of the Court of Claims. *United States* v. *Alire,* 6 Wall. 573; *United States* v. *O'Grady,* 22 Wall. 641; *United States* v. *Jones,* 119 U. S. 477.

Express provision for such appeals was made by section 707 of the Revised Statutes, as follows : " An appeal to the Supreme Court shall be allowed, on behalf of the United States, from all judgments of the Court of Claims adverse to the United States, and on behalf of the plaintiff, in any case where the amount in controversy exceeds three thousand dollars, or where his claim is forfeited to the United States by the judgment of said court."

Additions were made to the statutory law on this subject by the act of March 3, 1887, 24 Stat. 505, c. 359, (1 Sup. Rev. Stat. 2d ed. 559,) the 9th section of which is as follows: " That the plaintiff or the United States, in any suit brought under the provisions of this act, shall have the same rights of appeal or writ of error as are now reserved in the statutes of the United States in that case made, and upon the conditions and limitations therein contained. The modes of procedure in claiming and perfecting an appeal or writ of error shall conform in all respects and as near as may be to the statutes and rules of court governing appeals and writs of error in like causes."

The 12th section of the statute is in the following words : "That when any claim or matter may be pending in any of

the Executive Departments which involves. controverted questions of fact or law, the head of such Department, with the consent of the claimant, may transmit the same, with the vouchers, papers, proofs and documents pertaining thereto, to said Court of Claims, and the same shall be there proceeded in under such rules as the court shall adopt. When the facts and conclusions of law shall have been found, the court shall report its findings to the Department by which it was transmitted."

With these statutory provisions and decisions of the Supreme Court before it, the court below held that a finding of fact and law made, at the request of a head of a department, with the consent of the claimant, and transmitted to such department, is not a judgment within the meaning of the 9th section of the act of March 3, 1887, or of the 707th section of the Revised Statutes, and is not, therefore, appealable to this court.

Such a finding is not made obligatory on the department to which it is reported — certainly not so in terms, — and not so, as we think, by any necessary implication. We regard the function of the Court of Claims, in such a case, as ancillary and advisory only. The finding or conclusion reached by that court is not enforceable by any process of execution issuing from the court, nor is it made, by the statute, the final and indisputable basis of action either by the department or by congress.

It is, therefore, within the scope of the decision in *Gordon* v. *United States.* The provisions providing for appeals, in the 9th section of the act of 1887, have reference to cases under the prior sections of the act which treat of cases or suits brought against the United States, whether in the District Courts, Circuit Courts, or Court of Claims, and wherein final judgments or decrees shall be entered. This seems to be clear from the terms used — "the plaintiff or the United States, in any suit brought under the provisions of this act, shall have the same rights of appeal or writ of error as are now reserved in the statutes of the United States in that behalf made, and upon the limitations and conditions therein contained." The reference here is to the 707th section of the Revised Statutes,

which, as already said, provides for an "appeal to the Supreme Court on behalf of the United States, from all judgments of the Court of Claims, adverse to the United States, and on behalf of the plaintiff in any case where the amount in controversy exceeds three thousand dollars."

In the case before us there was, as held by the Court of Claims, no final judgment obligatory upon the Department of the Interior, or enforceable by execution from any court. Moreover, there was really *no suit* to which the United States were parties. The claimant did not pretend that the government owed him anything for property sold or services rendered. His effort was to get the Department of the Interior, which was paying money over to Indians under treaties, to withhold from them an agreed percentage thereof for services rendered by him to the Indians. While such a claim may be rightfully regarded as a matter pending in one of the executive departments, which involves controverted questions of fact or law, within the meaning of the 12th section of the act of 1887, we are unable to regard it as a suit brought against the United States, within the contemplation of the 9th section of that act. It is true that, by several statutes which appear in a compendious form in sections 2103, 2104 and 2105 of the Revised Statutes, the form and substance of contracts between Indians and agents or attorneys, for services to be performed in reference to claims by such Indians against the United States, are prescribed, and the approval of such contracts by the Secretary of the Interior and the Indian Commissioner is made necessary. But such enactments, intended to protect the Indians from improvident and unconscionable contracts, by no means create a legal obligation on the part of the United States to see that the Indians perform their part of such contracts.

Section 2104 provides that "the Secretary of the Interior and Commissioner of Indian Affairs shall determine therefrom whether, in their judgment, such contract or agreement has been complied with or fulfilled; if so, the same may be paid, and if not, it shall be paid in proportion to the services rendered under the contract."

Such a claim may be, as already said, a matter pending in

the Department of the Interior, within the meaning of the 12th section of the act of 1887, but it is plainly not a suit against the United States, with respect to which an appeal is provided for by the 9th section.

The application for a writ of mandamus must, therefore, be

*Denied.*