Application of FIRST NATIONAL CITY BANK OF NEW YORK, French American Banking Corporation and Royal Bank of Canada to quash three subpoenas duces tecum dated March 15, 1960.

Application of Napoleon DUPOUY to quash two subpoenas duces tecum dated March 15, 1960.

Application of Silvio GUTIERREZ to quash a subpoena duces tecum dated April 18, 1960.

United States District Court
S. D. New York.

May 13, 1960.

John Logan O'Donnell, New York City, David C. Acheson, William H. Allen and William A. Dobrovir, Washington, D. C., Sidney S. Sachs, Washington, D. C. (Olwine, Connelly, Chase, O'Donnell & Weyher, New York City; Covington & Burling, Washington, D. C.; Sachs & Jacobs, Washington, D. C., of counsel), for respondent, Consul General Manuel Aristeguieta.

Shearman & Sterling & Wright, New York City, for First National City Bank of New York.

Coudert Brothers, New York City, for French American Banking Corp.

Sage, Gray, Todd & Sims, New York City (John A. Wilson, Melber Chambers, Herman E. Compter, Alexis C. Coudert, New York City, of counsel), for Royal Bank of Canada.

Chadbourne, Parke, Whiteside & Wolff, New York City (Charles Pickett, Alan B. Lerner, James C. Foley, New York City, of counsel), for Napoleon Dupouy.

Katz & Sommerich, New York City (Benjamin Busch, New York City, of counsel), for Silvio Gutierrez.

RYAN, Chief Judge.

We have before us in this international extradition proceeding several motions, each addressed to the subpoenas duces tecum issued by this Court to four separate banking institutions transacting business in this District, commanding them to appear in this Court to give testimony and produce records of accounts maintained with them by the defendant and others. The testimony is sought for use in the United States District Court for the Southern District of Florida, Miami Division, on a hearing to be held on a complaint pending in that Court and filed pursuant to the Treaty of Extradition between the United States and Venezuela, 43 Stat. 1698 (1923), and the applicable extradition statute, 18 U.S.C. § 3184, by respondent, Manuel Aristeguieta, Consul General of Venezuela in Miami, on behalf of his government, the Republic of Venezuela, against Marcos Perez Jimenez, a citizen of Venezuela charged with certain financial crimes (among others) in that country. The questions of law presented are common to all motions; we have considered them simultaneously.

Motions have been made by the banks and by two depositors whose accounts are the subject of the subpoenas. The First National City Bank of New York, French American Banking Corporation and The Royal Bank of Canada, all served within this District, have jointly moved in one motion to quash subpoenas served upon them. Napoleon Dupouy, a depositor of The First National City Bank of New York and of French American Banking Corporation, whose accounts with those banks are a subject of the subpoenas addressed to those banks, has separately moved to quash the subpoenas served upon these banks in so far as they concern the record of his accounts and transactions with the banks.

Chemical Bank New York Trust Company has not moved with reference to the subpoena served upon it; however, Silvio Gutierrez, a depositor whose account is a subject of the subpoena served upon

868

that bank, has moved to quash the subpoena.

■ The subpoenas issued pursuant to Rule 45(d) F.R.Civ.P., 28 U.S.C., and our jurisdiction to hear and determine these motions is granted by Rule 45(b) F.R.Civ.P. which gives the "Court, upon motion made * * * at or before the time specified * * * for compliance [authority to]. quash or modify the subpoena." Rule 45(d) is specifically made subject to Rule 45(b) when subpoenas duces tecum are involved and there is no limitation in Rule 45(b) as to which Court may grant this relief. Cf. Shawmut, Inc. v. American Viscose Corp., D.C., 11 F.R.D. 562; Underwood v. Maloney, D.C., 15 F.R.D. 104. The District Court in Florida expressly recognized the authority of this Court and in effect directed that motions to quash be made returnable here. (Hearing of March 7, 1960, transcript p. 335)

All of the motions challenge the power or authority of this District Court to issue subpoenas duces tecum to compel the attendance of witnesses and the production of records in a hearing on a complaint filed in an international extradition proceeding. We hold this authority to be clear and unquestionable.

The subpoenas were issued and served under an order of the District Court for the Southern District of Florida, Miami Division, entered on March 9, 1960 upon motion of the Consul General granting to him permission to resort to the deposition procedure of Rules 26 and 45 and related provisions of the Federal Rules including procedure for subpoenas duces tecum. These subpoenas directed to the banks were originally made returnable on April 18, 1960; and an additional subpoena served on the Chemical Bank of New York, along with a notice to take its deposition, was made returnable on May 10, 1960.

Before this, The First National City Bank, French American Banking Corporation and The Royal Bank of Canada had been served with subpoenas duces tecum issued by the Clerk of this Court to appear for the taking of their depositions in New York. On November 12, 1959, The First National City Bank moved in the District Court of Florida for a protective order under Rule 30(b), F.R.Civ.P., on the ground that the respondent Consul General had not complied with Rule 15, F.R.Crim.P., 18 U.S. C.A. That motion was granted by a Judge of that Court, who by order of November 13, 1959, vacated the subpoenas and notices on the ground that the Federal Criminal Rules should apply to the proceeding. Later, upon petition of respondent, that Court vacated its order and entered a further order that the Court might provide for the taking of testimony by deposition and subpoena, which was premised upon the conclusion that the procedure for the examination of witnesses was not to be restricted by the Federal Rules, and that under the provisions of the Treaty the right to subpoena existed.

Following a hearing before Judge Mathes, the respondent, Consul General, filed a motion pursuant to Section 3184, Title 18 U.S.C., and under the Treaty for an order, in the nature of a subpoena, requiring the banks to appear and to produce in the Florida District Court the documents which had been sought by the prior subpoenas. The Court issued such an order and subpoenas were served by the Marshal of the District Court of Florida upon the banks here in New York.

On December 14, 1959, all the movants here moved to quash the subpoenas; the motion was denied but the subpoenas were modified in respects not here important. An appeal was taken by the banks and these two depositors (among others) from this order denying petitioners' motion, on the grounds that the Court had no power to issue subpoenas in an extradition proceeding and in any case no power to issue subpoenas to be served on persons residing beyond 100 miles from the Court's situs. The United States on this appeal filed a brief amicus curiae urging the Court's power to issue compulsory process in extradition proceedings. On February 1, 1960,

the Court of Appeals for the Fifth Circuit, Aristequieta v. Jimenez, 274 F.2d 206 (Chief Judge Rives, dissenting) concluded that the District Court's order should be vacated and the subpoenas quashed.

On March 7, 1960, respondent, Consul General, moved to take depositions of these banks pursuant to subpoenas duces tecum calling anew for the production of the documents as in the prior subpoenas. Judges Mathes held that the order of the Court of Appeals was limited to the question of the power of the District Court to issue subpoenas returnable before it served on persons residing beyond 100 miles, and that under the Treaty and the extradition statute, unwilling witnesses could be compelled to give evidence within the territorial limitations provided by the Civil Rules. Judge Mathes granted the relief sought and specifically reserved to the Court in this District all matters concerning the scope of the subpoenas and depositions and even the question of a stay of the subpoenas. Judge Mathes made it clear that he was granting permission simply to secure and serve the subpoenas requested. The subpoenas have been issued by the Clerk of this Court.

We should also note that the banks and depositor Dupouy petitioned the Court of Appeals of the Fifth Circuit for a writ of prohibition or mandamus to vacate this order urging that Judge Mathes acted in contravention of the prior order of vacatur of the Court of Appeals. On March 25, 1960, the Court of Appeals denied the petition, stating that the propriety of the action of the District Court "was not before this Court nor decided by it and is not contrary to the mandate." Since that time the depositor Gutierrez, after an unsuccessful attempt in the District Court of Florida to quash the notice of deposition and subpoena duces tecum served on the Chemical Bank, has filed an appeal to the Court of Appeals in the Fifth Circuit.

On the motions now before this Court, the same objections as those urged in the Court of Appeals are again urged.

The final complaint filed herein alleges the commission by the defendant of crimes in Venezuela by a citizen of that country in violation of its penal laws. The complaint meets the statutory requirements of Section 3184, Title 18 United States Code, and charges the defendant with the commission of crimes for which extradition may be requested under the Extradition Treaty with Venezuela. The jurisdiction of the District Court in Florida to proceed under the provisions of Section 3184, Title 18 United States Code, is not questioned on these motions. That Court has a proper complaint before it; the defendant has been found within its territorial jurisdiction and he has been apprehended and brought before it "to the end that the evidence of criminality may be heard and considered." The depositions sought to be taken on the return of the subpoenas now before us and the documents and records sought to be produced, the requesting Government represents, will be "evidence of criminality" it intends to submit in support of extradition and of its pending complaint.

Section 3184 provides that if the Judge before whom the alleged fugitive is brought, after hearing, "deems the evidence sufficient to sustain the charge under the provisions of the proper treaty," he is to certify his finding, with the record, to the Secretary of State; thereupon, on proper requisition, the Secretary of State may surrender the accused to the foreign government.

Article I of the Treaty with Venezuela provides that surrender of the alleged fugitive may be made "only upon such evidence of guilt as, according to the laws of the country in which the fugitive or accused shall be found, would justify his detention and commitment for trial if the crime or offense had been committed there." 43 Stat. 1698, 1699. Article XI of the Treaty provides that the evidence submitted at the hearing may include the depositions upon which the warrant of arrest issued and other competent evidence, and that the "judicial functionaries shall prescribe the method of com-

plying with the legal formalities of the country of which the extradition is requested." 43 Stat. 1698, 1704.

■ The functions and duties of the District Judge before whom the complaint is pending and will be heard are somewhat comparable to those of a committing magistrate; he will not, of course, adjudge the guilt or innocence of the alleged fugitive of the crimes charged by the requesting country, but he, after hearing, shall act if "he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention." (Section 3184) Charlton v. Kelly, 229 U.S. 447, 33 S.Ct. 945, 57 L.Ed. 1274; Oteiza v. Jacobus, 136 U.S. 330, 334–335, 10 S.Ct. 1031, 34 L.Ed. 464.

■ The District Court here functions in a judicial capacity; he is charged with the making of a judicial determination. In accordance with our fundamental concepts of justice and of due process, he must hold public hearings; the accused must be given due notice of the hearings and be afforded full opportunity to be heard, with limitation only as to the issues presented for determination. Neither the District Judge, nor this Court which acts only in an ancillary capacity, is bound by either the federal criminal or civil rules when they are found to be in conflict with the terms of the treaty or of Section 3184.

There is no limitation or requirement in the statute or the Treaty that the other competent proof or evidence referred to in Article XI be in possession of respondent, Consul General, at the time of the filing of the complaint, or that it had been obtained by him in the demanding country; and he is free to present other evidence available to him in the asylum state. It is certainly contemplated that the proof submitted on the hearing by a requesting sovereign, in addition to the documents and foreign underlying depositions, may well include the oral and written testimony of witnesses; for, again, there is no limitation.

■ We see, therefore, no justification for limiting respondent to the testimony of willing witnesses and precluding the obtaining of this same evidence when the witnesses are unwilling, or because of the inability of the hearing magistrate to compel appearance personally before him. Certainly the power to compel such attendance is explicitly assumed in Section 3191 on behalf of an indigent defendant. It can not be argued logically that it ceases to exist when it is the complainant who seeks to invoke it, or an accused with means. It follows that, if the Court has the power to order the testimony of witnesses within its reach, it can order this same testimony when the witnesses are beyond its territorial reach. As the District Judge observed when granting the application to take these depositions, it would not be practical to so limit extradition hearings under Section 3184.

■ It is the asylum state which dictates the legal formalities to be complied with by the respondent. It does not make for justice to hold that the hands of the "judicial functionaries" are so tied while the burden of establishing probable cause to the satisfaction of the Judge is cast on respondent and, at the same time, that he is precluded from applying the ordinary procedures made available by the asylum state. Article XI.

Although the District Court gave respondent permission to invoke Rules 26 and 45, F.R.Civ.P., and related rules of discovery, it is clear from the record before it, from the affidavits submitted in support of the subpoenas and from the subpoenas themselves that respondent's right is limited to the presentation of relevant and material probative evidence in support of its charge of embezzlement and criminal malversation. Neither that Court nor this one holds that, in order to fulfill the statute and the Treaty, we are to accord respondent the limitless right of sweeping discovery afforded our litigants by our civil rules in the hope of discovering evidence to support its complaint, or that the process of this Court may be used in this proceeding solely to investigate whether a crime charged was committed in a foreign country.

The materiality and relevancy of the evidence sought and its probable existence in the hands of the banks in question was demonstrated by the extradition documents, respondent's affidavit and the oral hearing before the District Court to the satisfaction of that Court which described it as evidence "to show that certain funds were taken out of the country, namely, the Republic of Venezuela, and brought to this country and channeled back to the defendant for his use and benefit."

▆ Just as an indigent accused's right to obtain and summon evidence and proof is circumscribed by Section 3191 in that he must show what he "expects to prove", the materiality of the evidence, and his need of it on the hearing (Oteiza v. Jacobus, supra) so is the respondent's right limited. But it is clear that if a right exists on the part of an accused to explain ambiguities or doubtful elements in the prima facie case made against him and to have witnesses produced for the purpose of explaining matters referred to by the witnesses for the accused (Collins v. Loisel, 259 U.S. 309, 42 S.Ct. 469, 66 L.Ed. 956; United States v. White, 28 Fed.Cas. page 588, No. 16,685, a concomitant right must exist on the part of the accuser to have witnesses for the purpose of explaining away ambiguities or doubts on the issue of the commission of the crime and the defendant's implication in it.

▆ It is not for this Court or for movants to question whether in fact respondent has in his possession now more than sufficient proof to meet the requirements of probable cause, or whether he is in fact simply seeking to place on record additional evidence for ultimate use on the trial in Venezuela. He has not rested his case and the Court, which is to finally determine the weight and effectiveness of the respondent's evidence, has given him permission to gather this particular evidence for presentation in the extradition proceeding. That is a matter solely within the discretion of that Court, which in extradition hearings is to be given wide latitude unhampered by formal rules. Charlton v. Kelly, supra.

▆ A proper interpretation of our obligations under a covenant willingly entered into to assist another friendly nation in furthering the ends of justice, as conceived and adhered to by civilized nations, will fulfill the purpose and underlying philosophy of our Government and people to a greater extent than will a technical attitude whereby our assistance is grudgingly extended.

We conclude that under Section 3191 of the Statute and Articles I and XI and on the record the District Court had the power to issue the subpoenas before us.

The motions to quash are, therefore, denied.

▆ Extradition proceedings have been repeatedly compared with preliminary commitment proceedings. Charlton v. Kelly, supra; Benson v. McMahon, 1888, 127 U.S. 457, 8 S.Ct. 1240, 32 L.Ed. 234, and have many of the indicia of a criminal proceeding. Rice v. Ames, 180 U.S. 371, 21 S.Ct. 406, 45 L.Ed. 577; Grin v. Shine, 187 U.S. 181, 23 S.Ct. 98, 47 L.Ed. 130. We feel that defendant has a right to be present and represented by counsel at any public proceeding held by this Court. Cf. Rule 43 of the Rules of Criminal Procedure, 18 U.S.C. Defendant has the permission of the Florida District Court to "go to the place, and be in attendance, at the taking of each such deposition" (Order of March 9, 1960).

Since both Rule 30(d) F.R.Civ.P. and Judge Mathes' order of March 9th empower this Court to limit and control the taking of these depositions and in order to facilitate and expedite these hearings, a Judge of this Court should preside at all hearings.

Therefore, the Consul General shall enter an order incorporating the procedure outlined above, scheduling dates acceptable to all parties and arranging hearings before us in a courtroom within this District.

Settle order on notice.