Marcos Perez JIMENEZ, Appellant,

v.

Manuel ARISTEGUIETA, Consul General of the Republic of Venezuela, Appellee.

No. 18408.

United States Court of Appeals Fifth Circuit.

April 25, 1961.

David W. Walters, Miami, Fla., for appellant.

David C. Acheson, Howard C. Westwood, Washington, D. C., W. G. Ward, Miami, Fla., Dean Acheson, Washington, D. C., for appellee; Covington & Burling, Washington, D. C., Ward & Ward, Miami, Fla., of counsel.

Before RIVES, BROWN and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

In connection with this international extradition proceeding, both this Circuit[1] and the Second Circuit[2] have accepted jurisdiction of appeals from *district court* orders denying motions to quash subpoenas duces tecum. The Supreme Court on March 20, 1961 granted certiorari to review the decisions of both Circuits,[3] and most of the disputed ques-

tions of law will probably be settled upon such review.

The present attempted appeal, as expressed in the notice of appeal, is "from the order of the Magistrate in Extradition Proceedings, William C. Mathes, dated April 7, 1960, and his order of April 14, 1960 denying defendant's motions for protective order against the taking of said depositions." Notice of the taking of the depositions in New York had been given in accordance with the procedure prescribed by Rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A.

■ The magistrate in extradition proceedings can be "any justice or judge of the United States, or any commissioner authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any state." 18 U.S.C.A. § 3184. That the magistrate in this case happens to be a district judge does not make his orders appealable as orders of the district court. As used in Section 3184, supra, a "judge of the United States" is not synonymous with a "district court of the United States."[4]

■ This Court has jurisdiction of appeals "from all final decisions of the district courts of the United States"[5] in this Circuit, and from certain "interlocutory orders of the district courts of the United States."[6] No statute, however, gives this Court jurisdiction of an appeal from an order, whether interlocutory or final, of a magistrate in an extradition proceeding. For lack of jurisdiction, therefore, the attempted appeal is

Dismissed.

1. Aristeguieta v. Jimenez, 5 Cir., 1960, 274 F.2d 206.

2. First National City Bank of New York, et al. v. Aristeguieta, 2d Cir., 1960, 287 F.2d 219, reversing Application of First National City Bank of New York, etc., D.C.S.D.N.Y., 1960, 183 F.Supp. 865.

3. Aristeguieta v. First National City Bank of New York, 81 S.Ct. 798, 803.

4. Benson v. McMahon, 1888, 127 U.S. 457, 462–463, 8 S.Ct. 1240, 32 L.Ed. 234; In

re Luis Oteiza y Cortes, 1890, 136 U.S. 330, 10 S.Ct. 1031, 34 L.Ed. 464; compare Todd v. United States, 1894, 158 U.S. 278, 15 S.Ct. 889, 39 L.Ed. 982; Textile Mills Security Corp. v. Commissioners, 1941, 314 U.S. 326, 62 S.Ct. 272, 86 L.Ed. 249; 10 Words and Phrases, Court of Justice, pp. 226, et seq.

5. 28 U.S.C.A. § 1291.

6. 28 U.S.C.A. § 1292(a) (1–3).

108

JOHN R. BROWN, Circuit Judge (concurring specially).

I concur that the order is not final and hence not appealable. The appellant here is the respondent in the extradition proceeding. Hence, as to him, orders for the taking of depositions or subpoenas are not the last and final action as was the case of the banks and the deponents in the prior cases here and in the Second Circuit growing out of the Jimenez matter.

I am unable, however, to rest it on this metaphysical dialectic in which a United States Judge is something less than a Judge and while performing judicial functions is something different from a District Court. The peculiar nature of extradition proceedings and the acknowledged unappealability of the final certification to the Secretary of State does not make the action of this human being who hears the matter solely because he is a Judge an action of some entity other than the Court of which he is an indivisible part.

Repeated often in the cases is the loose generality that the extradition hearing is not a judicial proceeding. It may not be when measured by the usual indicia of a formal judgment of commitment, appeal, and the like. But the very essence of 18 U.S.C.A. § 3184 is a reflection of the fundamental concept among civilized nations that there shall be a non-partisan, unbiased, objective hearing by a judicial officer acting solely because of his judicial position—and hence training and discipline—to determine whether there is a sufficient basis to sustain the charge under the treaty.

Liberty and freedom may frequently be preserved only at the very beginning. That is why the Grand Jury is so important in our system of justice. If the Judge, sitting as an extradition magistrate, in deciding that a man shall be turned over to a possibly hostile power for a trial imperiling his very life is not performing a judicial function, then I am unable to conceive of what the term means. Indeed, the only basis upon which Congress by § 3184 may have imposed the duty of conducting the hearing on the person of the Judge is that it is a judicial function calling for the performance of a judicial act. Interstate Commerce Commission v. Brimson, 1894, 154 U.S. 447, 485, 14 S.Ct. 1125, 38 L.Ed. 1047; United Steelworkers of America v. United States, 1959, 361 U.S. 39, 43, 80 S.Ct. 1, 4 L.Ed.2d 12; see also In re Sanborn, 1893, 148 U.S. 222, 226–228, 13 S.Ct. 577, 37 L.Ed. 429.