Manuel ARISTEGUIETA, etc.,

v.

Mrcos Perez JIMENEZ.

United States District Court
S. D. New York.

Jan. 6, 1964.

Benjamin Busch, Katz & Sommerich, New York City, for Silvio Gutierrez.

John A. Wilson, Shearman & Sterling, New York City, for the First National City Bank of New York.

Coudert Brothers, New York City, for French-American Banking Corp.

Melber Chambers, Sage, Gray, Todd & Sims, New York City, for The Royal Bank of Canada.

David W. Walters, Walters, Moore & Costanzo, Miami, Fla., for the defendant.

Charles Pickett, Chadbourne, Parke, Whiteside & Wolff, New York City, for Napoleon Dupouy.

RYAN, Chief Judge.

Manuel Aristeguieta, as agent of the demanding sovereignty in an international extradition proceeding then pending before a Judge of the United States District Court for the Southern District of Florida, procured the issuance and subsequent service on four banks in this District of subpoenae duces tecum requiring production upon depositions to be taken in this District for use in the extradition proceeding of certain bank records of certain depositors including the movant, Silvio Gutierrez. Three of the banks each moved to quash the subpoena served on them; Gutierrez retained counsel and moved to quash the subpoena served on the fourth bank, claiming to be a depositor of the bank. The subpoenae were subsequently quashed.* Gutierrez now moves for an order directing the Court to certify the "fees, costs and expenses, including said petitioner's counsel fees." (Rule 54, F.R. Civ.P.; 18 U.S.C. § 3195)

■ Rule 54(d), F.R.Civ.P. provides for the allowance of costs to the prevailing party unless the Court otherwise directs. It is unnecessary to determine here whether petitioner was the prevailing party, for he apparently incurred no taxable disbursement and is really seeking an allowance of counsel fees. The general rule of law, but recently reiterated, precludes allowance of counsel fees as costs (Farmer v. Arabian American Oil Co., 324 F.2d 359 (2d Cir., 1963)).

■ Movant claims to find support for this application in 18 U.S.C. § 3195. The statute provides for the payment of fees and costs in extradition matters but speaks only of the "expenses of the judiciary or the Department of Justice as the case may be." It deals with the "amounts to be paid to the United States on account of said fees and costs in extradition cases by the foreign government requesting the extradition", and provides that "the Secretary of State shall cause said amounts to be collected and transmitted to the Attorney General for deposit in the Treasury of the United States". There is nothing in the statute even hinting at an authorization for counsel fees to be paid to the United States and certainly none to private parties in extradition cases. There is absolutely no authority for granting the relief sought herein.

Motion denied. So ordered.

* This Court denied the motions to quash on May 16, 1960. Application of First National City Bank, 183 F.Supp. 865 (S.D.N.Y.1960). On the appeals of the movant, the three banks and another depositor, this Court's judgment was reversed and the subpoenas were ordered quashed. First National City Bank of N. Y. v. Aristeguieta, 287 F.2d 219 (2d Cir. 1960). Judgments quashing the subpoenas were entered on remand. A writ of certiorari to have the judgment of the Second Circuit reviewed was granted by the Supreme Court on March 20, 1961 (365 U.S. 840, 81 S.Ct. 803, 5 L.Ed.2d 807). The argument of these subpoena cases in the Supreme Court was postponed, 368 U.S. 804, 82 S.Ct. 30, and never had. Respondent's motion to vacate the judgment and remand the case to this Court with directions to dismiss the cause as moot (375 U.S. 49, 84 S.Ct. 144, 11 L.Ed.2d 106) was granted on October 21, 1963 and judgment entered on the Supreme Court's remand on November 18, 1963.