**ENTERPRISE MANAGEMENT CONSULTANTS, INC.,**
Plaintiff,

v.

**UNITED STATES of America ex rel. Donald HODEL, Secretary of the United States Department of Interior, et al.,**
Defendants.

No. CIV–87–2464–A.

United States District Court,
W.D. Oklahoma.

May 23, 1988.

Randy D. Witzke, Oklahoma City, Okl., for plaintiff.

Thomas H. Pacheco, Dept. of Justice, Land and Natural Resources Div., Washington, D.C., William S. Price, U.S. Atty., Eleanor Darden Thompson, Asst. U.S. Atty., Oklahoma City, Okl., for defendants.

ORDER

ALLEY, District Judge.

On April 8, 1988 the Court directed the parties to submit briefs on the issue whether this Court has jurisdiction to entertain this case. Plaintiff responded with a brief,

defendant with a motion to dismiss for want of jurisdiction accompanied by a brief, to which plaintiff has also responded.

This Court lacks jurisdiction, for two reasons. The two reasons are closely related by a common conceptual core, but have different juridical bases.

To begin with, the Court accepts, as it must, the position taken by our Court of Appeals, as to which the courts have been riven, that the Administrative Procedures Act (APA), 5 U.S.C. §§ 702–704, affords jurisdiction for the conduct of review of agency action without necessity to identify an extrinsic source of power over the case in some other law. *Bard v. Seamans,* 507 F.2d 765, 768 (10th Cir.1974). However, that is but the first step in jurisdictional analysis. This Court may lack jurisdiction because of general principles precluding its exercise whatever the statutory basis, or because within the APA there is an impediment to its exercise.

The Declaratory Judgment Act, 28 U.S.C. § 2201, also invoked by plaintiff, is not a jurisdictional grant, but only affords a modern remedy in a "case of actual controversy within ... [the district court's] jurisdiction...." Plaintiff invokes the Act in quest for a remedy, but it may be ignored for purposes of the issue at hand. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *McGrath v. Weinberger,* 541 F.2d 249 (10th Cir.1976), *cert. denied* 430 U.S. 933, 97 S.Ct. 1557, 51 L.Ed.2d 778 (1977).

The doors of this courthouse are not open to redress every disappointment in contracting or to heal every economic malady. Rather, we are here to provide remedies for certain violations of legal rights. Our touchstone for assuming the due role of this Court is standing.

"The actual or threatened injury required by Art III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing (citations omitted)....' Moreover, the *source* of the plaintiff's claim to relief assumes critical importance with respect to the prudential rules of standing that, apart from Art III's minimum requirements, serve to limit the role of the courts in resolving public disputes. Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons *in the plaintiff's position* a right to judicial relief.... (emphasis supplied.)" *Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).

In its brief on April 22, 1988, plaintiff identifies 25 U.S.C. § 81 as "governing the review of certain contracts involving Indian tribes by the Bureau of Indian Affairs...." and points to 25 C.F.R., Ch. 1, Part 2 as providing the source of appeals within the Bureau. Plaintiff cites 15 C.F. R. § 2.3(b) in support of a right of judicial review, but that section only specifies when agency action is final for purposes of judicial review otherwise available; by its own terms, it creates no right to review.

■ The only statute cited to or known by the Court from which plaintiff asserts substantive rights for deprivation of which it may be entitled to judicial review is 25 U.S.C. § 81. This statute is the only source, if there be one, for plaintiff's claim. Under *Warth v. Sedlin, supra,* it must be examined to determine if it grants rights to judicial relief to *this plaintiff.*

A rough paraphrase of § 81 sufficient for present purposes is that no agreement made by anyone with a tribe relative to their lands is valid unless approved within the Department of the Interior. The bingo management contract in this case is subject to the statute. *Barona Group of Capitan Grande Board of Mission Indians v. American Management and Amusement, Inc.,* 824 F.2d 710 (9th Cir.1987); *Wisconsin Winnebago Business Committee v. Koberstein,* 762 F.2d 613 (7th Cir.1985); *U.S. ex rel Shakopee Mdewakanton Sioux Community v. Pan American Management Co.,* 616 F.Supp. 1200 (D.Minn.1985). No matter what may be the nature of a contract falling under § 81, the purpose of the statute is to protect the interests of Indians. This is old law, *In re Sanborn,* 148 U.S. 222, 13 S.Ct. 577, 37 L.Ed. 429 (1893), recently reapplied, *Montana Bank*

*of Circle, N.A. v. United States,* 7 Cl.Ct. 601 (1985); *Shakopee, supra.*

From its own examination of § 81 and from study of the extensive and persuasive dictum in *Shakopee* at 1207, 1208, this Court is persuaded that no rights emanate from § 81 for the benefit of or economic protection of plaintiff. If one abstracts the issues away from § 81, this conclusion is clearer. Suppose I appoint an agent empowered to accept or reject contracts sought with me. My agent owes fiduciary duties to *me.* If someone comes along to my agent and wants to carry on a bingo operation on my ranch, and my agent says "no," he has implicated no duty to the third party to act for *his* benefit.

Having found no duty to plaintiff emanating from § 81, the Court concludes that plaintiff is not even arguably within the "zone of interest" to be protected by the statute. Thus, plaintiff has no case that it can bring here. *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); *Data Processing Service v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); *Shakopee, supra,* at 1207, 1208. Because this is a general rule governing any "standing" case, it matters not that our Circuit has in *Bard v. Seamans, supra,* deemed the APA to be a general grant of jurisdiction in a self-executing way.

■ Another reason why this case should not be here is that 5 U.S.C. § 701(a)(2) excerpts from judicial review an "agency action [that] is committed to agency discretion by law." To fall under this exception, the agency discretion must be virtually plenary. Quoting legislative history, the Supreme Court has taught that the exception applies when the statute vesting agency discretion is drawn " '... in such broad terms that in a given case there is no law to apply.' " *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971). That, in the opinion of this Court, is the situation here.

On this point, this Court parts company with *Shakopee, supra* at 1208, where the opinion states that there is law to apply because the Secretary is a fiduciary for Indians and must act in their best interests. That would be so if Indians complained about a Secretarial decision pursuant to 25 U.S.C. § 81; but, in *Shakopee* as here, the purported aggrieved party is the would-be contractor. The test of "no law to apply" is not whether some law applies in the abstract, but rather, whether there is law to apply in the given case. *Suntex Dairy v. Block,* 666 F.2d 158, 164 (5th Cir.1982), *rehearing den.* 670 F.2d 181, *cert. den.* 459 U.S. 826, 103 S.Ct. 59, 74 L.Ed.2d 62; *City of Santa Clara v. Andrus,* 572 F.2d 660, 666–68 (9th Cir.1978), *cert. den.* 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167.

Considering the language of 25 U.S.C. § 81, which provisions "breathe discretion at every pore," see *Strickland v. Morton,* 519 F.2d 467, 469 (9th Cir.1975); the uniform construction that its purpose is to benefit Indians; the general law of contracting that one is under no obligation to contract; a comparison of § 81 with other laws such as in Chapter 137 of Title 10, United States Code, that are protective of would-be contractors; and the utter absence of any touchstones for determining whether, as to plaintiff, the agency action was within or even arguably outside agency discretion, this Court holds that *as to plaintiff* this is the "rare" case, see *Overton Park, supra,* in which there simply is no law to apply and to which 5 U.S.C. § 701(a)(2) tells us "hands off" for judicial review.

For both reasons stated, this case is dismissed for want of jurisdiction.