Loran SCHMIT, Appellant,

v.

INTERNATIONAL FINANCE MANAGE-MENT COMPANY; The Estate of John L.A. Bond; Investment Finance Management Company, Inc., a Florida Corporation, Appellees.

No. 91–3013.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1992.

Decided Nov. 20, 1992.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

Loran Schmit appeals the district court's order dismissing his 25 U.S.C. § 81 (1988) action for lack of standing. We affirm.

Schmit contends the appellees violated § 81 by contracting with the Winnebago Indian Tribe to operate Winn–A–Bingo bingo halls on tribal land without first obtaining approval from the Secretary of the Interior. The district court dismissed the action for lack of standing because Schmit did not allege injury and was not within the zone of interests protected by § 81.

Standing is a threshold issue, and Schmit must fulfill standing requirements to bring this action. *See Warth v. Seldin*, 422 U.S. 490, 498–502, 95 S.Ct. 2197, 2204–2207, 45 L.Ed.2d 343 (1975). Title 25 U.S.C. § 81 "was enacted solely for the protection and benefit of Indians." *United States ex rel. Shakopee Mdewakanton Sioux Community v. Pan Am. Management Co.*, 616 F.Supp. 1200, 1208 (D.Minn. 1985), *appeal dismissed*, 789 F.2d 632 (8th Cir.1986). Schmit, a nonIndian, has alleged no injury from the appellees' contract with the Winnebago Indian Tribe and is not within the zone of interests protected by § 81. *See id.* at 1207–08; *Enterprise Management Consultants, Inc. v. United States*, 685 F.Supp. 221, 222–23 (W.D.Okla.1988), *aff'd*, 883 F.2d 890 (10th Cir.1989). Thus, Schmit lacks standing to bring this action against the appellees.

Accordingly, we affirm.

---

Clarence E. Mock, Oakland, Neb., for appellant.

Patricia Lamberty, Omaha, Neb., and Stanley Munger, Sioux City, Iowa, for appellees.