George J. GEIGER, Appellant,

v.

Harold BROWN, Secretary of the Air Force, Appellee.

No. 22111.

United States Court of Appeals District of Columbia Circuit.

Argued April 4, 1969.

Decided July 22, 1969.

13. *Id.* at 384–385, 214 F.2d at 214.

Mr. Byron K. Welch, Washington, D. C., for appellant.

Mr. James A. Treanor, III, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty. at the time the brief was filed, Frank Q. Nebeker, Asst. U. S. Atty., at the time the brief was filed, and Henry J. Monahan, Asst. U. S. Atty., were on the brief, for appellee. Mr. Thomas A. Flannery, U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant's complaint in the District Court challenged the validity of his separation from the Air Force on the eve of his becoming eligible to retire with pay after 20 years of service.[1] On cross-motions for summary judgment, the District Court dismissed the complaint, and this appeal is from that judgment.

Appellant's discharge, which the appellee Secretary of the Air Force asserts was "honorable" in all respects and was effected under the authority of Air Force Regulation 39–14A(2),[2] was the

1. At the time of his discharge appellant was a staff sergeant in the regular Air Force, with a record of service, dating from January 16, 1943, which included decorations for combat service in World War II. He alleges that his successive reenlistments were actively encouraged by the Air. Force which stressed the prospect of paid retirement. Appellant was also a major in the Air Force Reserve, and he asserts that he was induced to resign that commission by threats of disciplinary action incidental to the Air Force discharge. It is not clear what relief, if any, appellant seeks with respect to his Reserve commission, and we do not pursue that matter.

2. Authority to Order Discharge or Release.

The Secretary of the Air Force may direct the separation of any airman prior to expiration of term of service, and when so directed this paragraph will be cited as authority for separation. This paragraph may also be cited as authority for separation by Headquarters USAF, either in an individual case, or in a directive applicable to all members of a class of personnel specified in the directive.

culmination of a long proceeding which began as an attempt by the Air Force to discharge appellant under its regulation, AFR 39–17, "Discharge of Airmen Because of Unfitness," for alleged misconduct. At a late stage in this proceeding, throughout which the appellant vigorously protested his innocence of the charges made against him, and after it had wended its way through the various levels of administrative review, it evidently became apparent to the Secretary that an undesirable discharge would not be proper as a matter of law.[3] Accordingly, the Secretary by special order appointed the members of the Air Force Personnel Board[4] as a board to review appellant's case under AFR 39–14A(2). That board recommended to the Secretary that he grant the appellant an honorable discharge, which advice the Secretary followed.[5]

Appellant challenges this determination of the Secretary primarily on two grounds. First, he asserts that the Secretary had no authority, under the applicable regulation, to discharge him; and, alternatively, he argues that, even if the Secretary did have such authority, the Secretary did not follow the requisite procedures in exercising that authority. The Secretary, on the other hand, takes the position that, since appellant's discharge was an honorable one, appellant has no ground whatever for complaint. Moreover, the Secretary asserts that he did indeed possess the authority to discharge appellant and did not violate any of appellant's procedural rights in effecting the discharge.[6]

The principal issue joined on this appeal is whether a discharged serviceman may have any grounds for complaint when his discharge was in terms an honorable one. In a recent case in the Court of Claims, Keef v. United States, Ct. Cl. (1968), it was held that, where no stigma or derogatory connotation was attached to an honorable discharge, the plaintiff had no cause of action against the United States.[7] The court there did not explicitly consider, however, whether a derogatory connotation of an honorable discharge might be that the serviceman involved would not, as a consequence of such discharge, be entitled to a pension which would otherwise shortly have been his. The Government now asserts that, under the applicable statute and regulations, the Secretary had an ab-

---

This regulation, like many of the others cited here, is no longer in effect. It has been replaced by a new regulation, 32 C.F.R. § 41 (1969), passed under the authority of a new statute, 10 U.S.C. § 1169 (Supp. IV 1968). The new statute brings under one roof the powers of discharge formerly contained in various provisions each applicable to a particular branch of the service.

3. Although no specific reasons appear in the record which explain the Secretary's decision to terminate the 39–17 proceedings, the most plausible explanation—and one which was plainly implied by Government counsel at oral argument—is that the proceedings were based upon conduct alleged to have occurred prior to appellant's most recent reenlistment. *See* Murray v. United States, 154 Ct.Cl. 185 (1961).

4. The functions of this Board at the time were defined in AFR 35–16, *see* note 10 *infra.*

5. In a separate proceeding commenced after his honorable discharge from the regular Air Force, the Air Force moved to nullify his commission in the Air Force Reserve. Rather than await the final decision of the Reserve, appellant resigned his commission.

6. The Secretary relies on the general grant of authority contained in Act of Aug. 10, 1956, ch. 1041, 70A Stat. 544 (formerly found at 10 U.S.C. § 8811 (1964)), repealed by Act of Jan. 2, 1968, Pub.L. No. 90–235, §§ 3(a)(2), 3(b)(1), 81 Stat. 757–758. That Act reads as follows:

    (b) No enlisted member of the Air Force may be discharged before his term of service expires, except—
    (1) as prescribed by the Secretary of the Air Force.
*See* 10 U.S.C. § 1169 (Supp. IV 1968).

7. *See also* Birt v. United States, 180 Ct. Cl. 910 (1967).

solute discretion to discharge honorably any and all members of the service at any time, including presumably the date on which they had spent nineteen years and three hundred and sixty-four days in the United States Armed Services.

In order to avoid the serious constitutional question which, at least in certain circumstances, such an unbridled discretion might present,[8] it is necessary to ascertain what procedures exist, by virtue of the Secretary's own regulations, which might limit at least the manner of the exercise of that discretion. At the time that appellant was discharged, two regulations existed which may have a bearing upon the Secretary's exercise of his discretion in this case. The first is AFR 11–1.[9] Subsection 1 of this regulation is unlimited in its coverage. It states without qualification that it is "generally applicable" and that it "applies to all Air Force activities." Sub-

section 3, moreover, does not detract from this general applicability. It merely sets out in greater detail the functions and duties of boards convened under the authority of this regulation, including among those functions the making of recommendations. The other regulation possibly affecting this controversy was AFR 35–16[10] (now superseded by AFR 21–10) which outlines the "Functions of the Air Force Personnel Board."

Relying upon the teachings of such cases as Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954), Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957), and Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959), appellant argues that he is entitled to relief because the Personnel Board, in recommending his discharge under AFR 39–14A, did not follow the procedures prescribed in AFR 11–1, i. e., that it did not

8. The Government relies solely on Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46 (1950), aff'd by an equally divided Court, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352 (1951), for the proposition that there is no constitutional restraint on the Executive in the manner in which it may remove subordinates in whom it no longer has confidence.

9. This regulation, which may also be found at 32 C.F.R. § 866 (1968), reads in relevant part as follows:
    § 866.1 Purpose and scope.
    This part prescribes the procedures generally applicable to the conduct of investigations by boards of officers. It applies to all Air Force activities.
    *    *    *    *    *
    § 866.3 Functions and duties.
    The primary function of a board is to ascertain and report facts so that the appointing authority may have adequate information on which to base his decision. The primary duty of a board is to develop and consider the evidence concerning the matter under investigation, to arrive at clear, consistent findings and, where required, to make recommendations.
    (a) the functions and duties of investigating boards are purely administrative, not judicial.
    *    *    *    *    *

10. AFR 35–16(3) reads in relevant part as follows:
    3. Functions of the Air Force Personnel Board:
    a. The Air Force Personnel Board is not primarily a policy-making body. It considers the facts and circumstances of individual cases in the light of approved Air Force policy. However, when directed by the Secretary of the Air Force or when required by circumstances peculiar to its special experience, the Board will recommend personnel policies.
    b. The following are the primary duties of the Air Force Personnel Board:
    *    *    *    *    *
    (4) Performing final review of cases submitted to it under AFRs 35–62, 35–66, 36–2, 36–70, 45–40, 45–41, 45–42, 45–43, and other regulations that provide for this review function, and recommending appropriate action.
    *    *    *    *    *
    [and]
    (6) Performing other functions directed by the Secretary of the Air Force.

give appellant an opportunity to be heard, to have counsel present his case, or even to confront the witnesses against him. In fact it appears that the Air Force never even informed the appellant that a Board had been constituted to consider his case. Accordingly, so runs the argument, since the procedures in his own regulations were not observed, the Secretary was not entitled to act upon the Board's recommendations, even if he otherwise possessed the power honorably to discharge a serviceman "for the convenience of the Government" under AFR 39–14A.

■ If the Government is unable to distinguish the situation here from *Accardi*, *Service*, and *Vitarelli*, it is clear that appellant's discharge was ineffective. However broad the Secretary's discretion to discharge honorably may be, it cannot be exercised in contravention of his own procedural prescriptions.

The Secretary argues first that the procedural protections of AFR 11–1 are inapplicable to the proceeding here instituted under AFR 39–14A; and, second, that, even if the Board should have proceeded in accordance with AFR 11–1, cases such as *Vitarelli* and *Service* are distinguishable in that they involved situations in which the relevant Government officials had bound themselves by regulation not to act until the proceedings contemplated in the regulations had been completed. The Secretary's argument on the inapplicability of AFR 11–1 is based primarily on a distinction he draws between fact-finding boards, admittedly subject to AFR 11–1, and boards which only review facts and make recommendations, which are assertedly not subject to AFR 11–1.

■ There are two difficulties with this position. First, the language of AFR 11–1, subsection 3—the very subsection upon which the Secretary relies—includes the making of recommendations among the functions of boards to which the regulation applies.

Second, and perhaps more important, there was no formal record under AFR 39–14A for the Board to review. What it obviously must have done was to review the AFR 39–17 record and to recommend discharge under AFR 39–14A on that basis. But surely appellant should have been afforded the opportunity to argue that the facts found in the 39–17 proceeding were incorrect, that improper procedure had been followed in ascertaining those facts, and that the considerations which precluded his discharge under 39–17 should have operated equally as well to forestall discharge under 39–14A, particularly when his history was otherwise good and his twenty-year service period had nearly been reached. Even if appellant had no right to present evidence before the Board, he surely should have been given leave to argue his case, both on the facts and in light of any equitable considerations he might have wished to bring to bear on the Board's point of view.

■ The Secretary also argues that the provision in AFR 35–16(3) describing the functions of the Air Force Personnel Board shows that it is not intended to be a fact-finding body of the type contemplated in AFR 11–1. It is possible, however, that the Personnel Board would be required to follow the mandates of AFR 11–1 in some instances, but not in others. Here, where some of the procedural protections of AFR 11–1 may well have been essential for the fair presentation of appellant's case, the court should not imply an exception to its general coverage where there is no explicit exception thereto.

The final argument which the Secretary makes is that, even if the Personnel Board should have been bound by the procedures of AFR 11–1, the Secretary's action in following the Board's recommendation was unaffected by the Board's error. The Secretary attempts to distinguish *Vitarelli* and *Service* on the ground that the Secretaries involved in those cases bound themselves by regu-

lation not to act until the proceedings contemplated in their regulations had been completed. Here, on the other hand, the Secretary did not circumscribe his authority to act under AFR 39–14A in any way. His reference of the case to the Personnel Board was, in other words, purely gratuitous. This, however, mistakes the holdings in *Vitarelli* and *Service*. In *Vitarelli*, even the dissenters, *see* 359 U.S. at 546–547, 79 S.Ct. 968 (1959), agreed that where dismissal was based on a defined procedure, that procedure had to be followed. Here the Secretary purported to act on the basis of the recommendation of the Personnel Board. If that recommendation can be attacked as procedurally invalid, the decision of the Secretary becomes vulnerable.

■ Although AFR 39–14A does not explicitly provide that the Secretary shall not act except upon a recommendation of the Board, the Secretary, when he appoints the Board, may act upon its recommendation only if its recommendation was properly reached. For it is not the substance or the merit of the recommendation, which without question is within the discretion of the Board and the Secretary, that is at issue. Rather, it is appellant's right to the hearing accorded him by the regulations. Where the Secretary claims for himself the right to discharge at will, he must afford those who suffer from the exercise of his discretion at least those procedural advantages to which they are entitled under his regulations. Appellant had, however, no opportunity to present his case to the body which in essence made the determinative finding against him.

■ In these circumstances, appellant's discharge from the Air Force was unavailing to effect his separation from that service prior to the expiration of his then current term of enlistment. The judgment appealed from is reversed, and the case remanded for further proceedings consistent herewith.

It is so ordered.