Charles W. BARD, Plaintiff-Appellant,

v.

Robert C. SEAMANS, Secretary of the Air Force, and Major General Alton D. Slay, Commanding General, Lowry Air Force Base, Defendants-Appellees.

No. 74–1016.

United States Court of Appeals, Tenth Circuit.

Argued July 12, 1974.

Decided Dec. 9, 1974.

Russell W. Bartels, Denver, Colo., for plaintiff-appellant.

James L. Treece, U. S. Atty., Denver, Colo. (Lt. Col. Wayne E. Robinson, Office of Staff Judge Advocate, Lowry AFB, Colo., of counsel, on the brief) for defendants-appellees.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Charles W. Bard appeals from the district court's dismissal of his suit seeking to have his military discharge declared void and expunged for failure of Air Force personnel to follow regulations in handling the discharge. Bard was separated from the Air Force in 1963, and although he was given an honorable discharge at that time, he was officially processed under Air Force Regulation (AFR) 39–16, "Discharge for Unsuitability." Bard's records reflect this qualification of the discharge and he claims injury from the nature of the discharge which he must present to potential employers.

Bard brought his suit on March 30, 1973, for a declaratory judgment that his 1963 discharge instruments on Department of Defense forms 256 and 214 are void, for an order that they be expunged from his records, and for other relief.[1] Among other things he alleged that he sought a hardship discharge in December, 1962; that this application was arbitrarily disapproved on the day submitted, without opportunity for a hearing and without being properly processed; and that on December 31, 1962, he was served notice that a discharge was being recommended under Sec B AFR 39–16. He further averred that he was wrongfully informed that the discharge recommended was "honorable;" that none of the interviews conducted were at a time when he realized he was being examined concerning a discharge for unsuitability; that he never received a true psychiatric or other type of medical examination required for an evaluation of his suitability; and that his discharge was not properly authorized. For these and other reasons he claimed that the discharge and instruments issued were void, and he averred that he had exhausted administrative remedies without being afforded relief.

Prior to answering Bard's complaint the government appellees moved to dismiss or for summary judgment on the following grounds; (1) lack of subject matter jurisdiction; (2) failure to state a claim on which relief could be granted; (3) statute of limitations and laches, and (4) failure to exhaust his administrative remedies. At a hearing on the motion, at which both sides offered evidence outside the pleadings, the court

---

1. A form DD256AF "Honorable Discharge" was issued to Bard on January 9, 1963. On the same date a related "Report Of Transfer Or Discharge" was issued to him on Form DD214. This latter instrument contains a notation: "Discharge under AFR 39–16 & Sec. B, AFR 39–16." The regulation cited is one providing for "Discharge for Unsuitability," on several general grounds including inaptitude; character and behavior disorders; apathy, defective attitudes and inability to expend effort constructively; enuresis; alcoholism; homosexual tendencies; and obesity.

Bard offered as an exhibit a letter dated May 12, 1964, from the General Services Administration to a prospective employer, stating:

Mr. Charles W. Bard has requested us to give you the specific reason for his discharge.

He was separated because of his inability to face the requirements of military responsibilities.

Accordingly, he was honorably discharged January 9, 1963 by reason of unsuitability Air Force Regulation 39–16, and issued an Honorable Discharge Certificate. (R. 6).

ruled in favor of the appellees on several grounds, not mentioning laches however, and granted the motion.[2] A written dismissal was subsequently entered.

Bard argues that the district court erred as to all grounds for its judgment, and that we should also rule on the merits of his claim, grant summary judgment in his behalf and declare his discharge void. For reasons that follow we conclude that the court had jurisdiction of the subject matter under the Administrative Procedure Act, but affirm the dismissal for lack of exhaustion of administrative remedies, modifying the disposition to one of dismissal on that ground alone.

### Subject Matter Jurisdiction

Bard's complaint alleged that the "cause of action . . . arises under Regulations adopted by the Secretary of the Air Force. . . . Relief in the case is sought under 28 U.S.C.A. § 2201." The government attacked the jurisdictional allegations, claiming that section 2201 confers no subject matter jurisdiction on the federal courts and that it is insufficient to support plaintiff's complaint. The trial court stated it agreed with this proposition and later upheld the challenge to jurisdiction, not specifying the ground of the ruling.

We agree that the Declaratory Judgment Act provisions in 28 U.S.C.A. § 2201 confer no additional subject matter jurisdiction on the federal courts and that some statute affording jurisdiction must apply to support a declaratory judgment. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194. Moreover, federal courts are of limited jurisdiction and there is no presumption in favor of subject matter jurisdiction. See Turner v. The President, Directors and Company of the Bank of North America, 4 Dall. (4 U.S.) 7, 11, 1 L.Ed. 718. Bard asserts that "any court, at any time . . . has jurisdiction to extend a remedy to a violation of a constitutional right. . . ."[3] We need not, however, analyze this broad assertion or the applicability of various jurisdictional statutes relating to constitutional claims. We are satisfied that the allegations made present a case within jurisdiction conferred by the Administrative Procedure Act, 5 U.S.C.A. § 701 et seq.

■ We feel the allegations in substance claim that plaintiff is suffering legal wrong because of agency action, or is adversely affected or aggrieved by agency action within the meaning of a relevant statute, and that he is en-

2. In his brief in opposition to the defendants' motion to dismiss or for summary judgment, the plaintiff stated that on the basis of the admissions in defendants' brief, the court should enter a summary judgment for the plaintiff. At the conclusion of the hearing the trial court stated:

THE COURT: Gentlemen, for an assortment of reasons, in treating the motion before me as a Motion for Summary Judgement, in the first place, the appropriate time provided by the rules for filing any and all affidavits have expired and the matter is properly before me on a summary judgement.

In the second place, the parties have stipulated into the record the exhibits attached to the Complaint and to the briefs and I believe it appropriate to rule on the matter as a Motion for Summary Judgement. But treating it as either a Motion for Summary Judgement or as a

Motion to Dismiss, the motion is granted on at least the following grounds:

First, I do not think I have jurisdiction over the subject matter of the action. Secondly, accepting the factual matters before me as true and considering them in the light most favorable to the plaintiff, I think the facts are insufficient to establish any claim for relief. Thirdly, to me it is manifest that the statute [sic] is barred by the Statute of Limitations; and lastly, I do not think that the plaintiff has exhausted his administrative remedies.

For all of those reasons, the motion is granted.

3. Of course 28 U.S.C.A. § 1331 comes to mind, but no allegation of requisite jurisdictional amount is made. It is incumbent upon the plaintiff properly to allege such jurisdictional facts. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135.

titled to judicial review.[4] Section 702. We are persuaded that the APA, through §§ 702–704, affords jurisdiction. See Rusk v. Cort, 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809; Brennan v. Udall, 251 F.Supp. 12, 14 (D.Colo.), aff'd., 379 F.2d 803 (10th Cir.), cert. denied, 389 U.S. 975, 88 S.Ct. 477, 19 L.Ed.2d 468.[5] The only question in *Rusk* was jurisdiction, see 369 U.S. at 370, 82 S.Ct. 787, and we feel that recognition of a jurisdictional grant was clear.[6] See Toilet Goods Association v. Gardner, 360 F.2d 677, 679 n. 1 (2d Cir.), aff'd., 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697; K. Davis, Administrative Law Treatise § 23.02 (1970 Supp.); but see State Highway Commission of Missouri v. Volpe, 479 F.2d 1099, 1105 n. 7 (8th Cir.); Getty Oil Co. v. Ruckelshaus, 467 F.2d 349, 356 (3d Cir.), cert. denied 409 U.S. 1125, 93 S.Ct. 937, 35 L.Ed.2d 256.

The APA has not been alleged or argued as a basis of jurisdiction. Averment of a jurisdictional statute, however, is not required. It is sufficient that the operative facts pleaded bring the case within the court's jurisdiction. Beeler v. United States, 338 F.2d 687, 689 (3d Cir.); see Rule 8(a), F.R.Civ.P. Since we feel that the averments here come within jurisdiction conferred by the APA, we must disagree with the trial court's ruling that subject matter jurisdiction was lacking.

## Exhaustion of Administrative Remedies

Bard argues that the exhaustion requirement does not apply where one seeks to declare an instrument void on a constitutional ruling. And he contends that, in any event, he has exhausted all administrative remedies. We must disagree with both his contentions.

Turning first to the latter argument Bard claims to have sought relief from the Discharge Review Board, the General Accounting Office, the Department of the Air Force, and the Office of the Adjutant General, and that all of these bodies denied relief.

The record reveals that Bard has previously made demands for back pay, based on the allegedly invalid discharge, to the Claims Division, Department of the Air Force, Randolph Air Force Base, Texas, and to the Comptroller General of the United States, General Accounting Office (GAO), Washington, D. C. The fate of the first claim is not clear although it apparently was forwarded to the Air Force Accounting & Finance Center in Denver and then sent back to Randolph Air Force Base, to the attention of either the Air Force Board for Correction of Military Records or the Discharge Review Board.[7] Nothing else appears from the record.

**4.** As to the applicability of the APA to a suit such as Bard's we note that § 703 refers, among other things, to review by "any applicable form of legal action, including actions for declaratory judgments. . . ." Bard specifically sought declaratory relief.

In addition § 706 provides *inter alia* for the reviewing court to hold unlawful and set aside agency action, findings and conclusions found to be not in accordance with law or without observance of procedure required by law.

**5.** A recognition of jurisdiction under the APA is implicit in several decisions. See Young v. United States, 498 F.2d 1211 (5th Cir.); Sikora v. Brenner, 126 U.S.App.D.C. 357, 379 F.2d 134; Nelson v. Miller, 373 F.2d 474 (3d Cir.), cert. denied, 387 U.S. 924, 87 S.Ct. 2042, 18 L.Ed.2d 980; Unglesby v. Zimny, 250 F.Supp. 714 (N.D.Cal.); Crawford v. Davis, 249 F.Supp. 943 (E.D. Pa.), cert. denied, 383 U.S. 921, 86 S.Ct. 923, 15 L.Ed.2d 676; Covington v. Schwartz, 230 F.Supp. 249 (N.D.Cal.), modified, 341 F.2d 537 (9th Cir.).

**6.** Speaking with reference only to the APA and the Declaratory Judgment Act, the Court stated that: "[o]n their face the provisions of these statutes appear clearly to permit an action such as was brought here to review the final administrative determination of the Secretary of State." Rusk v. Cort, *supra*, 369 U.S. at 372, 82 S.Ct. at 790.

**7.** The record shows only a letter of transmittal from the Air Force Accounting and Finance Center to an address at Randolph AFB. The address is that of the Board of Correction of Military Records, see 32 CFR § 865.3(a), but reference is made only to the Discharge Review Board. The record reveals nothing concerning who may have received the letter of transmittal or what action, if any, was taken.

The GAO evidently forwarded the second claim to the Adjutant General of the Air Force, who then apparently submitted it to the Air Force Judge Advocate General's office. This office finally made a determination, concluding that Bard had been properly discharged and that his claim was without merit. Later the GAO also replied to Bard, indicating that it did not have the authority to correct military records and referring him back to the Air Force.[8]

Although Bard has made these previous administrative appeals,[9] he has failed to avail himself of the administrative machinery specifically provided by Congress for the purpose of reviewing and correcting military discharges. See 10 U.S.C.A. § 1552. Pursuant to § 1552 the Air Force has established its Board for Correction of Military Records (BCMR), see 32 CFR § 865.1, et seq., and the courts have required that plaintiffs resort to such boards before obtaining judicial relief. See Nelson v. Miller,

373 F.2d 474 (3d Cir.), cert. denied, 387 U.S. 924, 87 S.Ct. 2042, 18 L.Ed.2d 980; Sohm v. Fowler, 124 U.S.App.D.C. 382, 365 F.2d 915. We therefore believe that a strong policy exists that demands resort to the BCMR unless to do so would be futile.

We feel that Bard did not allege, nor demonstrate in the matters offered in the summary judgment procedures, that he had sufficiently presented his case to the BCMR.[10] The Board is empowered to correct any military record of the department when it considers it necessary to correct an error or remove an injustice. See 10 U.S.C.A. § 1552(a). It may hold hearings on appeals brought to it, although this is not a matter of right. 32 CFR § 865.7. If a hearing is held, the BCMR will make written findings, decisions and recommendations, 32 CFR § 865.12. As we read the applicable statute and regulations, we believe that the BCMR has the power to afford Bard the relief that he seeks.[11]

8. On January 16, 1973, GAO denied a claim by Bard for back pay due as a result of an allegedly void discharge. Its letter to Bard stated further that GAO did not have authority to correct military records or declare military discharges void for lack of due process. GAO called Bard's attention to 10 U.S.C.A. § 1552(a), stating that ". . . the Secretary of a military department may correct any military record of that department when he considers it necessary to correct an error or remove an injustice."

9. Bard argues, relying on Brownfield v. United States, 148 Ct.Cl. 411, that an appeal to the Department of the Air Force by itself constitutes an exhaustion of available administrative remedies. Reliance on *Brownfield*, however, is inappropriate. There the plaintiff challenged his demotion on his retirement. The Secretary of the Air Force had himself reviewed the matter and ordered the demotion, and the plaintiff had twice unsuccessfully appealed directly to the Secretary. Thus the Secretary was aware of all the facts of the case and had personally taken the challenged action. In this context, and specifically limiting its holding to the circumstances of the case, the Court of Claims held that these appeals constituted sufficient exhaustion. The case is quite un-

like that of Bard and we see no reason to treat it as mandating an exception to the general exhaustion requirement.

10. Although there is some indication that correspondence concerning Bard's claim may have reached the BCMR, see note 6, supra. Bard does not allege that he has applied to it or that it has acted on his claim, and the record reveals no response or determination by the BCMR. A certificate from the Department of the Air Force in the record states that as of April 17, 1973, diligent search of the records of the BCMR revealed no record of any application for correction of records or other relief by or in relation to Bard.

11. The Powers of the Board have been liberally construed. See 41 Op.Att'y Gen. 203 (1954); 41 Op.Att'y Gen. 94 (1952); 40 Op. Att'y Gen. 504 (1947).

The government has also contended that Bard must take his appeal before the Air Force Discharge Review Board (DRB). Although the DRB possesses the authority to "change a discharge or dismissal, or issue a new discharge, to reflect its findings", 10 U.S.C.A. § 1553(b), under Air Force regulations it may not revoke any discharge or dismissal or reinstate any person in the military service. 32 CFR § 865.101(b). Since Bard's claim is that his discharge is

As stated, Bard also argues that exhaustion is not required since administrative boards cannot declare a discharge void for constitutional defects. However, there is no indication in the statutes or regulations that the Board cannot determine that a discharge, and the administrative action underlying it, was in violation of regulations. In fact, we feel the language looks the other way. The power of the BCMR to consider even constitutional defects is implicit in Ashe v. McNamara, 355 F.2d 277 (1st Cir.) and subsequent cases. See also, Smith v. McNamara, 395 F.2d 896 (10th Cir.), cert. denied, 394 U.S. 934, 89 S.Ct. 1211, 22 L.Ed.2d 466. Moreover, if the Board can grant Bard the relief he seeks, which we feel it can, it is an adequate remedy, regardless of the ground on which it acts. A constitutional defect is not required to invalidate military action for failure to follow applicable regulations. See Cason v. United States, 471 F.2d 1225, 1230, 200 Ct.Cl. 424; Geiger v. Brown, 136 U.S.App.D.C. 132, 419 F.2d 714, 717–718.

For these reasons we conclude that Bard has not demonstrated exhaustion of available military remedies. Although exhaustion is not an inflexible requirement, see McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194; Gilchrist v. United States, 430 F.2d 631 (10th Cir.), its logic is usually compelling, and we find it to be so in these circumstances.

Accordingly, we hold that the trial court erred in ruling that subject matter jurisdiction was lacking, there being proper jurisdiction under the Administrative Procedure Act, and that the rulings on failure to establish any claim for relief and limitations need not have been reached. We further hold that the court properly dismissed the action since available administrative remedies have not been exhausted. The judgment of

dismissal is modified to provide that the dismissal is without prejudice to further proper administrative proceedings and is granted on said ground alone. As modified, the judgment is affirmed.

---

void for procedural irregularity and should be set aside, it does not seem to come within the Air Force DRB's jurisdiction as limited by the regulation. It may not revoke a discharge, which is in essence what Bard seeks. Hence we cannot agree that exhaustion of DRB procedures was required.