John TRUJILLO, et al., Plaintiffs,

and

Thomas Rother, et al.,
Plaintiff-Intervenors,

v.

Richard S. SCHWEIKER, etc.,
Defendant.

Civ. A. No. 82-K-1505.

United States District Court,
D. Colorado.

Feb. 17, 1983.

Carol Glowinsky and R. Eric Solem, Pikes Peak Legal Services, Colorado Springs, Colo., Linda J. Olson and Michael J. Steiner, Legal Aid Soc. of Metropolitan Denver, Daniel M. Taubman, Colo. Coalition of Legal Services Programs, Denver, Colo., Bernard A. Poskus, Colo., Rural Legal Services, Grand Junction, Colo., for plaintiffs.

Robert N. Miller, U.S. Atty., John R. Barksdale, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this action plaintiffs seek declaratory and injunctive relief, a reversal of defendant's decisions terminating Title II and Title XVI of the Social Security Act benefits, and an order requiring defendant to apply an "improvement standard" or presumption.[1] Plaintiffs move for class certification under F.R.Civ.P. 23. The secretary opposes the class certification and has. moved to dismiss the action under Rule 12. Plaintiffs base this court's subject matter jurisdiction on Title 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), 29 U.S.C. § 1361 and 28 U.S.C. §§ 2201 and 2202.

All named plaintiffs are residents of the State of Colorado. All are or were receiving disability insurance benefits for disabled workers (42 U.S.C. § 401 *et seq.,* Title II or SSDI benefits), and/or Supplemental Security Income disability benefits for per-

---

1. The "improvement standard" is defined by plaintiff as "the determination that there has either been a material medical improvement in a recipient's condition since the initial finding of disability or newly discovered evidence has established that the prior determination of disability was clearly erroneous." (Amended Complaint, page 1)

sons who are both poor and disabled (42 U.S.C. § 1381, *et seq.,* called SSI or Title XVI benefits). Plaintiffs either have had or have the potential of having their SSDI and/or SSI benefits terminated at continuing disability investigations (CDIs) conducted by the secretary pursuant to the Social Security Disability Amendments Act of 1980, P.L. 96–265, particularly section 311.[2]

Plaintiff Trujillo was found to be disabled by the Social Security Administration in 1973. At the time his case was reviewed in mid-1975 he was determined to be under a continuing disability. When subjected to an accelerated review in May, 1981, Trujillo was found to be no longer disabled and his SSDI and SSI benefits were discontinued. Trujillo contends that he still suffers from his disability. He has taken his appeal to an Administrative Law Judge and to the Appeals Council, both of which affirmed the decision that his disability had ceased.

Plaintiff Wheeler had been receiving SSDI benefits since December 31, 1978 based on a degenerative disc disease and a psychological disorder until they were stopped in April, 1981. At his hearing appealing the cessation of benefits, the amended complaint contends that the ALJ "refused to discuss medical records occuring during the period of approved disability and refused to apply the improvement standard." (page 7) The Appeals Council affirmed the termination on July 21, 1982. Wheeler maintains that he has suffered financially due to the termination of benefits.

Plaintiff Banda suffers from mental retardation and anxiety and alleges that he is unable to perform even the simplest tasks. He was receiving SSI and SSDI benefits until they were terminated in June, 1982. His request for reconsideration of the termination is pending.

Plaintiff Timme is a 36 year old widow stricken with multiple sclerosis. Her initial application for SSI and SSDI benefits was denied, but, upon appeal, she was found to be disabled. Despite her claim of evidence of deterioration supported by her treating doctors, the secretary notified her September 29, 1981 that the administration no longer considered her to be disabled. Her appeal of the termination was affirmed. She is presently appealing that decision. Mrs. Timme also alleges severe financial hardship due to the discontinuance of her benefits.

Plaintiff Bronson was found disabled and eligible for SSDI benefits a number of years ago. She maintains that she has since developed more medical problems and her original condition has worsened. Nevertheless, the secretary has terminated her SSDI benefits. Her request for reconsideration is pending. With the termination of these benefits, plaintiff Bronson currently has no income.

Plaintiff Rother was permitted to intervene in this action on November 1, 1982. He suffers from severe physical and mental handicaps and was found to be disabled in August, 1976. At his review in July, 1981, the secretary found that Rother had become able to do substantial gainful activity and his benefits were terminated. His appeals to both an ALJ and the Appeals Council have affirmed this termination. The intervenor charges that the ALJ refused to require the defendant to show a substantial medical improvement. Neither did the ALJ require any showing of an earlier clearly erroneous determination of eligibility based upon new evidence nor apply a presumption in favor of the validity of the prior ALJ's decision in favor of the intervenor. Intervenor asserts that he provided uncontroverted evidence at the hearing that his condition had not improved but had only deteriorated and that he is not capable of any gainful activity.

Jesse M. Gypin was granted leave to intervene on December 30, 1982. His complaint alleges that due to a serious automobile accident in 1966 his health deteriorated

---

**2.** Plaintiffs charge that the 1980 Act did not amend the disability standard but did provide for more frequent reviews. These reviews were not to commence until January 1, 1982, but the secretary began the process in early March, 1981.

to a point where he was required to discontinue working and apply for disability benefits, which were instituted in 1975. Despite medical evidence to the contrary and a worsening condition, plaintiff's disability benefits were terminated in November, 1980 with a finding by the secretary that he was no longer disabled. This decision was appealed to and affirmed by an Administrative Law Judge on June 15, 1982, and by the Appeals Council on November 2, 1982.

Title II of the Social Security Act provides disability benefits for a claimant who demonstrates that he suffers a physical or mental disability within the meaning of the act. 42 U.S.C. § 401 *et seq.* Title XVI provides supplemental income to those who qualify under the act. 42 U.S.C. § 1381 *et seq.* The administrative process for obtaining benefits is begun when the claim is filed with the Social Security Administration. If the claim is administratively denied, regulations permit administrative reconsideration within a six-month period. Should the request for reconsideration be unsuccessful, the claimant may, within 60 days, ask for an evidentiary hearing before an Administrative Law Judge and a discretionary appeal from an adverse determination of the ALJ lies to the Appeals Council. Section 205(g) of the Act, 42 U.S.C. § 405(g), authorizes federal judicial review of "any final decision of the Secretary made after a hearing to which [the claimant] was a party."

## DEFENDANT'S MOTION TO DISMISS

Defendant has moved to dismiss this action on three grounds: first, that Title 42 U.S.C. § 405(h) prohibits the exercise of mandamus jurisdiction under Title 28 U.S.C. § 1361 by this court; second, the declaratory judgment statutes, 28 U.S.C. §§ 2201 and 2202 do not provide an independent jurisdictional basis for bringing this action; and, third, the Social Security Act is the sole authority for plaintiffs to seek judicial review of their claims and until and unless the plaintiffs have exhausted their administrative remedies, this court lacks jurisdiction over their claims. The administration asserts that the threat of termination of benefits is not sufficient for jurisdiction, but benefits must actually have been terminated and plaintiffs must have exhausted their administrative remedies.

## JURISDICTION UNDER 28 U.S.C. § 1361

It has long been the rule that the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, confers no additional subject matter jurisdiction on the federal courts, *McGrath v. Weinberger,* 541 F.2d 249, 252 (10th Cir.1976), *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Bard v. Seamans,* 507 F.2d 765 (10th Cir.1974), so I need not address this issue further.

The secretary also challenges jurisdiction under Title 28 U.S.C. § 1361.[3] Although the issue has not been decided by the U.S. Supreme Court,[4] defendant argues that a fair interpretation of its decisions addressing questions of jurisdiction raised by 42 U.S.C. § 405(g) and (h) that these provisions are the exclusive avenue of judicial review of decisions and procedures of the secretary suggests that review in the nature of mandamus is not appropriate. Plaintiffs agree that the Supreme Court has not clearly stated whether mandamus jurisdiction under § 1361 is proper, but maintain that neither has it foreclosed or precluded this type of relief. It must be emphasized that plaintiffs are challenging a procedure of the secretary and not their substantive entitlement to benefits. They define the dispute as one arising from differing views of what the law requires rath-

---

3. *"Action to compel an officer of the United States to perform his duty.* The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4. *See, Morton v. Mathews,* 427 U.S. 524, 529–30, 96 S.Ct. 2771, 2774, 49 L.Ed.2d 672 (1976); *Califano v. Yamasaki,* 442 U.S. 682, 698, 99 S.Ct. 2545, 2556, 61 L.Ed.2d 176.

er than disputes about how discretion should be exercised.

The Tenth Circuit recently addressed this issue in *Hadley Memorial Hospital, Inc. v. Schweiker,* 689 F.2d 905, 912 (1982) and, after acknowledging that the Supreme Court has not decided the question, said:

> For mandamus to issue there must be: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory (sic) duty on the part of the defendant to do the action in question; and (3) no other adequate remedy available. (citations omitted)

Since I hold below that this court has jurisdiction under 42 U.S.C. § 405(g), the third requirement of an absence of an available adequate remedy is not capable of being met. Therefore, mandamus cannot issue. This claim is therefore dismissed. This holding should not be construed as an indication that mandamus is never appropriate because 42 U.S.C. § 405 provides the exclusive avenue of appeal. I think the contrary is true.

### JURISDICTION UNDER 42 U.S.C. § 405(g)

■ The Social Security Act itself provides for district court review of the secretary's determination under section 205(g), 42 U.S.C. § 405(g).[5] Section 205(g) says in part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such determination by a civil action commenced within sixty days after the mailing to him of notice of such decision .... The Court shall have the power to enter, upon the pleading and tran-

script of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing....

This section specifies three requirements for judicial review: (1) a final decision of the secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of the decision (or within such further time as the secretary may allow); and (3) filing of the action in an appropriate district court. The Supreme Court in *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975) held that the second and third of these requirements are waivable, but the first is "central to the requisite grant of subject-matter jurisdiction" and invests district courts with power to review decisions which are "final" and "made after a hearing." The secretary argues that the finality requirement has not been met in the instant action by any named or unnamed class member who has not had his or her benefits terminated and then completed the appeal process.

The "finality" requirement has been broadly defined in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). That case dealt with social security benefits which were unconstitutionally terminated without a pretermination hearing. In upholding the exercise of jurisdiction over the case, the court first concluded that the jurisdictional prerequisite of a "decision" was satisfied because the plaintiff had presented his claim and the claim had been denied by the secretary. Second, the court held that "finality" in the sense of complete exhaustion of remedies is not always necessary. The decision to terminate benefits was sufficiently "final" to warrant immediate judi-

---

5. There is no preclusion in § 405(h) of constitutional challenges, but they are required to be brought under the jurisdictional grant contained in the act and in conformity with the same standards which are applicable to non-constitutional claims arising under the act. If the issues before this court were only those based on constitutional law, such would be beyond the secretary's competence to decide

and the finality question would not need to be further considered. *Ellison v. Califano,* 546 F.2d 1162, 1164–65 (5th Cir.1977); *Salfi, infra,* 422 U.S. at 765, 95 S.Ct. at 2457. *Cf. Johnson v. Robinson,* 415 U.S. 361, 366, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389 (1974); *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

cial review because "a claimant's interest in having a particular issue resolved promptly [may be] so great that deference to the agency's judgment is inappropriate." 424 U.S. at 330, 96 S.Ct. at 900. Thus, the Supreme Court viewed § 405(g) as providing jurisdiction over an issue which was admittedly collateral to the substantive claim of entitlement to benefits.

Plaintiffs argue that the mere termination of benefits which a plaintiff has been receiving is sufficient to meet the "presenting a claim" requirement. Plaintiffs further contend that they are within the *Eldridge* requirement, that they have notified the secretary of their continuing condition of disability and have responded to the defendant's continuing disability review. Defendant disagrees and maintains that any named or unnamed plaintiff who has not had his or her benefits terminated and then proceeded to exhaust the full panoply of administrative remedies before the agency is not within this court's jurisdiction. Defendant is firm in his affirmation that the administration has not waived the exhaustion requirement.

*Mathews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976) held that plaintiff had satisfied the non-waivable prerequisite to section 405(g) jurisdiction merely by filing an application for benefits. The court further held that the secretary had waived any objection to the exhaustion of administrative remedies despite the fact that the secretary had moved to dismiss the complaint on the ground that plaintiffs failed to exhaust administrative remedies. The Third Circuit in *Liberty Alliance of the Blind v. Califano*, 568 F.2d 333 (1977) ruled that the class members had filed claims with the Secretary and although he had not finally passed on each of these claims, the secretary had taken a final position as to one of them, and thus the "finality" requirement was met.

"Once a benefit applicant has presented his or her claim to a sufficiently high level of review to satisfy the Secretary's needs, further exhaustion would not merely be futile for the applicant, but would also be a commitment of administrative or judicial interest." *Salfi, supra,* 422 U.S. at 765–66, 95 S.Ct. at 2467.

Requiring multiple exhaustion on the same issue wastes both administrative and judicial resources.

"Justice Rehnquist's reasoning about the inutility of exhausting administrative remedies on a legal issue on which the Secretary has had ample opportunity to take a definitive position, and indeed has done so, applies equally to multiple claimants presenting an identical legal issue." *Liberty Alliance of the Blind, supra,* 568 F.2d at 345.

The determination of administrative finality ordinarily rests with the secretary. This case, however, falls into the category of cases "where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." *Eldridge, supra,* 422 U.S. at 330, 96 S.Ct. 900. As in *Eldridge,* these plaintiffs are largely dependent upon public assistance payments for support. An erroneous termination or substantial reduction of the assistance would severely burden their subsistence. Requiring each to exhaust all administrative remedies would be futile and increase plaintiffs' burden.

... because of his physical condition and dependency upon the disability benefits, an erroneous termination would damage him in a way not recompensable through retroactive payments." 424 U.S. at 331, 96 S.Ct. at 901.

Further appeals by these plaintiffs would not aid this court in its determination of the issues before it.

In this action, the complaint clearly satisfies the nonwaivable requirement of presentation of a claim for benefits. Each of the representative parties has presented a claim to the secretary, and the class, as defined later in this order, is limited to persons

"who have been or are receiving disability benefits and who have presented a claim to the Secretary ..." As in *Eldridge,* the secretary's termination of disability benefits in this action constitutes a "final decision." I follow the reasoning of the Tenth Circuit in *McGrath v. Weinberger, supra,* when Judge Barrett said:

> A further exception to the rule [that a litigant must exhaust his administrative remedies as a prerequisite to invoking the jurisdiction of the federal court] exists in those cases involving the presence of constitutional questions, coupled with a showing of inadequacy of the prescribed administrative relief against the background of threatened or impending irreparable injury flowing from the delay incident to pursuit of the available administrative processes. (citations omitted) 541 F.2d at 251.

Plaintiffs have presented constitutional questions and made a showing of actual, threatened or impending irreparable injury. The facts of this case place it within the "futility" exception and the *McGrath* exception, and I therefore hold that this court does have subject matter jurisdiction under § 405(g) over the claims of all class members as defined following.[6]

### PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs seek to have this action certified as a class action. The secretary opposes certification arguing that plaintiffs have not met their burden of showing that they meet three of the four requirements of Rule 23(b), F.R.Civ.P., namely, numerosity, commonality and typicality. Defendant concedes that counsel for plaintiffs have sufficient skill, competence and experience to represent adequately the class should one be certified.

 I find that this action may be maintained under Rule 23(b)(2). The members of the class seek declaratory and injunctive relief and allege action on the part of the defendant that is generally applicable to the class. Taking the allegations of the complaint as true for purposes of the Rule 23 determination, plaintiffs have unquestionably met the numerosity requirement. The class is so numerous that joinder of all members is impracticable. They have shown that there are common questions of law and fact existing among the class members and, the named plaintiffs assert claims that are typical of the claims of all class members. This action is certified as a class action and the class which the plaintiffs represent is defined as:

> All Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) beneficiaries residing in the State of Colorado who have been or are receiving disability benefits and who have presented a claim to the Secretary that their disabilities have continued and whose entitlements have been terminated or may be terminated without the application of an improvement standard to their case, or who have been or may be terminated due to the failure of the Secretary of the Department of Health and Human Services to give presumptive effect to the prior determination of disability. The class excludes SSDI and SSI disabled beneficiaries whose benefits were terminated because they have returned to substantial gainful activity, whose whereabouts are now unknown, who failed to cooperate, who admit they have medically recovered, or who are no longer eligible because of nondisability factors.

It is, therefore, ORDERED that defendant's motion to dismiss for lack of jurisdiction is granted in part and denied in part. This court does have jurisdiction over this controversy under Title 42 U.S.C. § 405(g). It is

---

6. This ruling is not inconsistent with the holding of other federal courts that have addressed like issues, e.g., *Schisler v. Schweiker,* Civil Action No. CIV–80–572D (W.D.N.Y. August 11, 1981).

FURTHER ORDERED that this action is certified as a class action and the class is defined as set forth in this order.

Also pending at this time is a motion by defendant for extension of time in which to file an answer. Plaintiffs object. The government wants twenty days after the ruling on the motion to dismiss which I have just made and until transcripts of the administrative proceedings are prepared and filed with the court as to plaintiffs Trujillo, Wheeler and Rother. This motion is denied. Obviously, only those who have journeyed through the entire administrative process would have transcripts and I have already ruled that all plaintiffs do not have to go through the entire process. Further, there is no incentive for the government to obtain the transcripts if such would trigger its obligation to address the merits of the complaint. Indeed, the government can give the preparation of these transcripts the priority which the government thinks it deserves. It is not necessary, however, to obtain the transcripts in order to prepare an answer in this case. Accordingly, it is

FURTHER ORDERED that the defendant shall answer the complaint within twenty days from this date.

Presently pending is a motion for preliminary injunction. In view of the rulings made in this opinion, plaintiffs are directed to review the motion in support thereof and file an amended brief within fifteen days. The defendant shall file an answer brief within fifteen days from the receipt of plaintiffs' amended brief.