**ST. REGIS PAPER COMPANY, a corporation, Plaintiff-Appellant,**

v.

**Ray MARSHALL, Secretary of Labor, et al., Defendants-Appellees.**

**No. 77–1280.**

United States Court of Appeals, Tenth Circuit.

Argued Sept. 26, 1978.

Decided Jan. 31, 1979.

Guy Farmer, Farmer, Shibley, McGuinn & Flood, Washington, D. C. (John F. Welborn, Welborn, Dufford, Cook & Brown, Denver, Colo., with him on brief), for plaintiff-appellant.

Gerald S. Hartman, Atty., Dept. of Justice, Washington, D. C. (Carin A. Clauss, Sol. of Labor, Drew S. Days, III, Asst. Atty. Gen., Washington, D. C., Joseph F. Dolan, U. S. Atty., Denver, Colo., and David L. Rose, Dept. of Justice, Washington, D. C., with him on brief), for defendants-appellees.

Before SETH, Chief Judge, and LEWIS and McWILLIAMS, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiff brought this action in the United States District Court for the District of Colorado challenging certain regulations, policies and practices of the Secretary of Labor, The General Services Administration (GSA) and the Office of Federal Contract Compliance Programs (OFCCP). This appeal is from a judgment of that court dismissing the action for failure to exhaust administrative remedies.

In February, 1976, GSA conducted a routine inspection of plaintiff's Libby, Montana facility to determine compliance with Executive Order 11246, which requires government contractors to agree not to engage in discriminatory employment practices. GSA found that plaintiff had deviated from its affirmative action program in the employment of women, and a notice to show cause was issued on March 22, 1976, informing plaintiff that if it did not correct the violations within 30 days or show cause for its failure to do so, GSA would commence enforcement proceedings. The notice also advised plaintiff that it could be found nonresponsible to perform government contracts (i. e., "passed over") unless and until the show cause notice was resolved. Plaintiff responded to the show cause notice by letter in which it outlined actions to GSA by which it proposed to correct the violation and requested GSA to rescind the notice in order to avoid subjecting plaintiff to "de facto debarment" from future government contracts. Plaintiff also sent a telegram to Lawrence Lorber, the director of the OFCCP pursuant to 41 C.F.R. § 60–2.2(b), seeking a determination that substantial issues of law or fact existed sufficient to require that plaintiff be afforded a hearing prior to determination of nonresponsibility. Mr. Lorber responded favorably to plaintiff's request and assured plaintiff that it would not be passed over pending resolution of the issues.

By letter of April 8, GSA rejected plaintiff's proposed corrective measures, and a second review of the Libby facility was conducted a week later, where GSA found an "affected class" of women who contin-ued to suffer under plaintiff's alleged discriminatory practices. GSA recommended actions to plaintiff to resolve the violations alleged in the show cause notice and asked plaintiff to submit proposed class remedies by May 3. GSA later issued a second show cause notice based on the existence of an affected class, which also warned plaintiff that it could be found nonresponsible for failure to comply. GSA and plaintiff entered into a conciliation agreement on June 2 which resolved the issues raised in the March 22 notice, and the notice was withdrawn. Later that month, plaintiff wrote a second § 60–2.2(b) letter to the director of the OFCCP, seeking a determination that it was entitled to a hearing on the affected class issue prior to agency determination on nonresponsibility. Plaintiff also requested that GSA adjudicate in a consolidated administrative hearing all unresolved issues of law or fact based on the Libby compliance reviews and the two show cause notices. On June 29, 1976, the director granted plaintiff's requests and stated that plaintiff would not be passed over for any contract awards pending resolution of the issues. To date, however, no administrative hearing has been held.

In addition to the administrative procedures outlines above, on April 7 plaintiff filed its complaint in this action with the district court, challenging the validity of the relevant OFCCP regulations, both on their face and as administered. The trial court dismissed for failure to exhaust administrative remedies.

It has long been a rule of judicial administration that:

> [N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Myers v. Bethlehem Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (footnote omitted).

This doctrine affords administrative agencies an opportunity to correct their own errors prior to judicial intervention, thus mooting many issues before they reach the courts. The exhaustion requirement also serves to maximize efficient adminis-

trative process by preventing repeated judicial interruption. Additional reasons for the exhaustion doctrine include respect for "notions of administrative autonomy" and an interest in preserving the effectiveness of agency operations, which could be threatened by "frequent and deliberate flouting of administrative processes." *McKart v. United States*, 395 U.S. 185, 195, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194; *Christian v. New York Department of Labor*, 414 U.S. 614, 94 S.Ct. 747, 39 L.Ed.2d 38; *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522.

Plaintiff argues that the present action is excepted from the exhaustion requirement, however, on one or more of the following grounds:

1. The complaint raises important questions of law involving statutory interpretation and the constitutionality of regulations, which are within the expertise of courts rather than agencies.

2. Review by the agency would be expensive and fruitless, since the agency is not likely to void its own regulation.

3. Agency rules constitute "final agency action" subject to pre-enforcement court review under the Administrative Procedure Act.

4. Plaintiff is prejudiced by the administrative delay in that it is subject to further show cause notices at its other facilities and is subject to *de facto* debarment nationally by virtue of the Libby show cause notice.

5. If plaintiff loses at the administrative level it will likely be permanently debarred with no assurance of being granted a stay pending court review.

We find these arguments to be unpersuasive and affirm the judgment of dismissal.

First, the mere fact that a complaint raises questions of statutory interpretation and constitutionality of regulations does not exempt the action from the exhaustion doctrine. *Uniroyal, Inc. v. Marshall*, 7 Cir., 579 F.2d 1060. Agency review of the chal-

lenged regulations prior to judicial consideration is desirable even where pure questions of law are concerned, in order to provide the court with the benefit of the agency's considered interpretation of its enabling authority. *Id.* The administrative process further preserves the opportunity for the agency to correct an ill-conceived regulation and moot the issue without judicial interference. *See Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697; *McKart v. United States, supra.* The desirability of full agency consideration is particularly great where, as here, the plaintiff's challenge is to the regulation as applied to a specific set of facts, as well as on its face, so that ultimate judicial review, if necessary, will be facilitated by a complete administrative record. *McGrath v. Weinberger*, 10 Cir., 541 F.2d 249, *cert. denied*, 430 U.S. 933, 97 S.Ct. 1557, 57 L.Ed.2d 778; *Weinberger v. Salfi, supra.*

Plaintiff's assertion that it would be subjected to needless expense if required to pursue its administrative remedy is equally unconvincing. We refuse to assume that the administrative authorities will arbitrarily deny plaintiff relief to which he is entitled, *United States v. Blair*, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039, and an administrative hearing cannot be deemed "futile" where plaintiff will be afforded a full opportunity to present evidence and argue its position. *Myers v. Bethlehem Corp., supra.* The normal litigation expenses which accompany pursuit of administrative relief likewise provide no basis for excusing plaintiff from the normal requirement that administrative avenues be fully explored before resort is had to the courts. *State of California ex rel. Christensen v. F. T. C.*, 9 Cir., 549 F.2d 1321, *cert. denied*, 434 U.S. 876, 98 S.Ct. 227, 54 L.Ed.2d 156.

We need not be long detained by plaintiff's contention that it is not required to exhaust administrative remedies since review is here sought of "final agency action" within the meaning of 5 U.S.C. § 704.[1] The

---

1. 5 U.S.C. § 704 provides in pertinent part as follows:
 Agency action made reviewable by statute and final agency action for which there is no

other adequate remedy in a court are subject to judicial review.

cases cited by plaintiff in support of this position deal with pre-enforcement challenges to agency rules or regulations where no further administrative proceedings were contemplated. *E. g., Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681. The Court in *Abbott Laboratories* noted that agency action must not only be "final" to be properly reviewable, but the controversy must also be "ripe," in order to protect the agency from premature judicial interference. Thus, even assuming that final agency action is at issue here, since further and adequate administrative relief has been requested but not exhausted, the ripeness element fails and the courts need not entertain the action.

Plaintiff vigorously asserts that it is prejudiced by administrative delay, in that it continues to be subject to show cause notices at its other locations throughout the country, and is subject to *de facto* debarment from government contracts due to the outstanding show cause notice with respect to the Libby facility. Plaintiff introduced some evidence in the court below indicating that certain employees of the defendants have erroneously stated to other federal contracting officers that plaintiff is currently ineligible for government contracts. As the district court noted, however:

> [I]t is clearly evident that such statements are not within the spirit of the regulations or departmental policy as established by the individual named defendants. It seems clear that such employee errors will be corrected, if they have not already been corrected.

> In any event, plaintiff has failed to show that it is, or has been, entitled to any government contracts as low bidder during the pendency of this lawsuit. R.Supp. Vol. I, at 63.

We agree that plaintiff has made an insufficient showing of irreparable injury to justify excusing it from the exhaustion requirement, particularly where it has received specific assurances from the director of OFCCP that it will not be passed over pending resolution of the current dispute.

The possibility that further show cause notices will be issued to other of plaintiff's facilities similarly fails to justify creating an exception to the rule. Presumably, plaintiff will still be able to avail itself of the § 60–2.2(b) procedure that was employed here to escape a finding of nonresponsibility pending final determination of the legal questions here presented.

Lastly, plaintiff fails to qualify for exemption from the exhaustion requirement by raising the possibility that it could be permanently debarred at the administrative level without assurance of being granted a stay pending judicial review. Such hypothesizing of conceivable injury is far too speculative and tenuous to mandate exemption from the normal rule at this juncture.

The judgment of dismissal is accordingly, AFFIRMED.