Walter R. HONEA, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.

Civ. A. No. J80–0236(C).

United States District Court,
S. D. Mississippi,
Jackson Division.

Sept. 10, 1980.

Robert W. Sneed, Jackson, Miss., Dennis Horn, Hazlehurst, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendant.

**WILLIAM HAROLD COX, District Judge.**

This is an action seeking to enjoin the Secretary of Health and Human Services from suspending payment of disability insurance benefits to the plaintiff, Walter R. Honea. Plaintiff alleges that his disability status was reevaluated under Social Security regulations, codified at 20 C.F.R. §§ 404.-1502 *et seq.*, which preclude individual consideration of his claim, thereby violating the Social Security Act and denying him the due process of law guaranteed by the Fifth Amendment. Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1346; and, 42 U.S.C. § 405(g).

This case is now before the court on defendant's motion to dismiss for lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Fed.R.Civ.P., Rules 12(b)(1) and 12(b)(6).

The Social Security regulations challenged by plaintiff require the Secretary to consider a claimant's vocational characteristics together with medical evidence and, in certain circumstances, direct a finding of disabled or nondisabled. Specifically, the regulations provide for a sequential evaluation of a claimant's current activities and functional capabilities, the nature of his impairment, and his work record.[1] In the event this procedure does not result in a conclusive finding, an examiner is directed to Appendix 2 of Subpart P which contains "medical–vocational guidelines" for use in evaluating disability.[2] Under these guidelines, combinations of age, education, and work experience are outlined systematically as "rules" in the context of four categories of residual functional capacity. Where findings of fact in an individual case coincided with each factor in a rule, a rebuttable conclusion of disability or nondisability exists. The gravamen of plaintiff's due process and statutory claims is that this method of reevaluating his disabled status deprived him of individual consideration and resulted in the discontinuance of his benefits.

Plaintiff was awarded disability benefits in August 1977. Following a regularly scheduled review of his status in early 1980, the Social Security Administration found that his disability had ceased. It terminated benefits in April 1980. On May 12 he requested administrative reconsideration. That request is still pending. On May 22 plaintiff commenced this action challenging the constitutionality of the regulations used in evaluating his disability. The Secretary then moved to dismiss on jurisdictional grounds.

The Social Security Act makes § 205(g), 42 U.S.C. § 405(g), "the only avenue for judicial review" for any claims arising under Title II.[3] Federal question jurisdiction under 28 U.S.C. § 1331 and jurisdiction based on suits brought against the United States, 28 U.S.C. § 1346, are expressly foreclosed by § 205(h) of the Act, 42 U.S.C. § 405(h). Thus, if the court has jurisdiction in this action, it must derive from § 205(g).

The central contention in the Secretary's motion to dismiss is that plaintiff failed to exhaust his administrative remedies, a jurisdictional prerequisite under § 205(g). Through a detailed statutory and regulatory scheme, the Social Security Act provides an administrative procedure by which a claimant may establish his entitlement to disability insurance benefits.[4] Whether he seeks to establish an initial

---

1.  20 C.F.R. § 404.1503.

2.  20 C.F.R. § 404.1513; Subpart P, App. 2.

3.  *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18; *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192.

4.  42 U.S.C. §§ 423 *et seq.*; 20 C.F.R. §§ 404.-1501 *et seq.*

entitlement or to maintain his disabled status, a claimant must first pursue his claim through administrative channels. § 205(g) provides for judicial review only upon a "final decision of the Secretary made after a hearing." Absent such final decision, this Court has no jurisdiction of the subject matter of a claim arising under the Act.

■ The Supreme Court, however, has recognized certain situations in which a decision to deny or discontinue benefits may become final without full administrative review and a hearing. The Secretary may waive the "finality" requirement by refusing to raise it as a bar to judicial review.[5] He may constructively waive the requirement by stipulating that no factual disputes exist and only the constitutionality of the challenged statute or procedure is at issue.[6] In addition, failure to exhaust does not preclude judicial review where a claimant raises a constitutional question that is "entirely collateral to his substantive claim of entitlement." [7]

Plaintiff commenced this action for injunctive relief immediately after filing a request for reconsideration. That request has not been acted upon, and plaintiff has not completed the administrative appeals process. The Secretary has challenged this action as premature. He has not waived the exhaustion requirement, either expressly or by stipulation as to the facts at issue. The *Salfi* and *Diaz* exceptions to the statutory requirement of finality are thus not available to plaintiff, and this Court has jurisdiction only if his claim qualifies under the *Eldridge* exception.

The Court in *Eldridge* identified two elements in the statutory requirement of finality. The first is presentation of a claim to the Secretary. The second is exhaustion of administrative remedies. Plaintiff here has met the first condition, but not the second. However, the Court held that the latter

requirement is waivable where the interest of the claimant in immediate review outweighs the need for judicial deference to the Secretary's judgment, *and* the "constitutional challenge is entirely collateral to [the] substantive claim of entitlement."

The claimant in *Eldridge* challenged the administrative procedure which allowed the termination of benefits prior to an evidentiary hearing. The Court held that the action raising the constitutional issue was "entirely collateral" to the claim for benefits and complete exhaustion was not required under those circumstances. The focus of the constitutional challenge was on an independent stage of the review process, the pretermination hearing, and the issue of constitutionality was distinct from the merits of the claim of entitlement. Similarly, in *Ellison v. Califano*,[8] the Fifth Circuit followed *Eldridge* in holding that exhaustion was not required where the "only issue" before the court was one of "constitutional law," and the claimant would have been entitled to benefits "but for" the operation of the challenged rule.

This action is not collateral in the sense of either *Eldridge* or *Ellison*. The regulations challenged here act as a framework for the evaluation of evidence. Vocational characteristics, medical evidence, the plaintiff's subsequent activities, other regulations, and any additional evidence submitted by the plaintiff are all considered in the review procedure.[9] The evidence and the regulations are applied simultaneously. The practice of "sequential evaluation" and the "medical–vocational guidelines" are merely elements in the larger process through which a plaintiff's claim is evaluated.

The provisions challenged in *Ellison*, on the other hand, were not connected with any other issues or facts bearing on the claim to entitlement. There, no facts were

---

**5.** *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522.

**6.** *Mathews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478.

**7.** *Mathews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18.

**8.** *Ellison v. Califano*, (5CA) 546 F.2d 1162.

**9.** 20 C.F.R. §§ 404.1502 *et seq.*

in dispute and the constitutional attack involved a single question of law; the claimant was admittedly entitled to benefits "but for" the bar presented by the challenged rule. Here, the impact of the challenged regulations cannot be separated from the other factors affecting the unfavorable decision. At this stage, the regulations cannot be isolated as the sole bar to plaintiff's continued entitlement.

Neither can plaintiff show that his constitutional attack on these regulations is entirely independent of the merits of the administrative appeal. Unlike the procedure challenged in *Eldridge*, the complete absence of a hearing, the guidelines and the practice of sequential evaluation bear directly on the decision itself, the substantive claim. As a result, this action challenging their application is not "entirely collateral" to the pending administrative action for benefits and does not fall within the exception defined in *Eldridge*. The claim, therefore, does not qualify under any exception to the exhaustion requirement.

■ Beyond the failure to satisfy the finality requirements of § 205(g), this action does not present a claim that is appropriate for judicial review. It is axiomatic that "when constitutional questions are in issue, the availability of judicial review is presumed[.]"[10] However, merely alleging a constitutional deprivation does not automatically entitle a plaintiff to bring the claim in the forum of his choice,[11] or to

preempt administrative procedure.[12] An alleged deprivation of procedural due process must be evaluated in light of the nature of the interest at stake, and the procedural and factual context in which the claim arose.[13] Likewise, the exhaustion requirement must be applied with regard to constitutional limitations and "the particular administrative scheme at issue."[14]

The Social Security Act contemplates complete reliance on administrative procedures by providing for judicial review only upon a final decision "made after a hearing," and by making § 205(g) the exclusive basis of jurisdiction. As with other administrative schemes, proceedings under the Social Security Act are due a high degree of judicial deference, not only to comply with Congressional intent, but to provide prompt relief and effectuate proper judicial review.[15] Judicial restraint in deference to the administrative agency allows the agency to utilize its expertise and function effectively, and to "compile a record which is adequate for judicial review."[16]

■ The need for a fully developed record is especially important where, as here, the question of due process posed by use of the regulations and questions of fact are not clearly distinguishable in their operation.[17] Without the distinction between factual and constitutional issues which a complete record would draw by developing all relevant evidence, it is impossible to determine whether plaintiff lost his bene-

10. *Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192.

11. *Bussey v. Harris*, (5CA) 611 F.2d 1001; *Pushkin v. Califano*, (5CA) 600 F.2d 486; *Dr. John T. MacDonald Foundation, Inc. v. Califano*, (5CA) 571 F.2d 328, (en banc), cert. denied, 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238.

12. *St. Regis Paper Co. v. Marshall*, (10CA) 591 F.2d 612, cert. denied, 444 U.S. 828, 100 S.Ct. 55, 62 L.Ed.2d 36, reh. denied, 444 U.S. 974, 100 S.Ct. 470, 62 L.Ed.2d 390; *Aircraft & Diesel Corp. v. Hirsch*, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796.

13. *Smith v. Organization of Foster Families for Equality & Reform*, 431 U.S. 816, 97 S.Ct. 2094, 53 L.Ed.2d 14; *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287.

14. *Weinberger v. Salfi*, 422 U.S. at 766, 95 S.Ct. at 2467; *Parisi v. Davidson*, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17; *McKart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194.

15. *Weinberger v. Salfi*, supra; *Public Utilities Commission of Cal. v. U. S.*, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470; *Aircraft & Diesel Equipment Corp. v. Hirsch*, supra.

16. *Weinberger v. Salfi*, 422 U.S. at 766, 95 S.Ct. at 2467.

17. *Grutka v. Barbour*, (7CA) 549 F.2d 5, cert. denied, 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394; *St. Regis Paper Co. v. Marshall*, supra; *McGrath v. Weinberger*, (10CA) 541 F.2d 249.

fits due to the allegedly defective procedure or to the unfavorable weight of the evidence. A decision without a full record would entail conjecture as to the relative significance of each factor. Development of an adequate administrative record would facilitate a clear and complete consideration of the constitutional issue raised by this action.

 Moreover, it is well settled that a court should avoid addressing constitutional issues where other grounds are available for resolution of a claim.[18] Consistent with this, the administrative process is designed to avoid not encourage the litigation of constitutional questions.[19] Here, plaintiff may prevail on the merits and moot the constitutional issue. When plaintiff's benefits were discontinued earlier for the same reasons at issue here, he appealed the termination administratively, and prevailed after a hearing. In this context, further administrative appeal would not necessarily be fruitless or unfairly prevent plaintiff from receiving meaningful judicial consideration of his claim.

Furthermore, an important, if implicit, objective of the administrative scheme is to protect the (constitutional) interests of the claimant by presenting those issues, as well as applications for benefits, in a form suitable for judicial review. Because the regulations and the evidence are undifferentiated in their effect, a complete record is essential to afford plaintiff full and fair consideration of his constitutional challenge.

The complaint and the verified records submitted by defendant with the motion to dismiss establish that plaintiff has not followed the administrative process to its conclusion as required by the Act. Having failed to comply with the statutory requirement or to qualify under a judicially recognized exception to that requirement, the action is premature and this Court does not have jurisdiction over the subject matter of plaintiff's claim.

Accordingly, defendant's motion to dismiss is granted. An order may be issued within five days under the rules of this Court.

18. *Hagans v. Lavine*, 415 U.S. 528, 547, 94 S.Ct. 1372, 1384, 39 L.Ed.2d 577; *Alma Motor Co. v. Timken–Detroit Axle Co.*, 329 U.S. 129, 67 S.Ct. 231, 91 L.Ed. 128.

19. *Murillo v. Mathews*, (9CA) 588 F.2d 759, 761; see also, *Merrill Lynch, ETC. v. National Ass'n of SEC*, (5CA) 616 F.2d 1363, 1370; *Babcock and Wilcox Co. v. Marshall*, (3CA) 610 F.2d 1128.