OLSEN & COMPANY, a Utah corporation, Plaintiff,

v.

The SECURITIES AND EXCHANGE COMMISSION, George A. Fitzsimmons, Martha S. Fulford and Delano S. Findlay, Defendants.

Civ. No. C–82–0228W.

United States District Court, D. Utah, C. D.

Aug. 19, 1982.

Adam M. Duncan, Salt Lake City, Utah, for plaintiff.

David R. King, S.E.C., Salt Lake City, Utah, Linda D. Fienberg, Whitney M. Adams, S.E.C., Washington, D.C., for defendants.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on defendants' motion to dismiss the complaint for plaintiff's failure to exhaust its administrative remedies. Defendants also seek to dismiss the complaint as to the individual defendants, George A. Fitzsimmons, Martha S. Fulford, and Delano S. Findlay for plaintiff's failure to state a claim on which relief can be granted. The court has read the memoranda of counsel and various of the authorities cited. Based on the foregoing, the court renders the following decision.

Plaintiff, a securities broker-dealer, seeks a declaratory judgment that Rule 252(e)(1) under Regulation A of the Securities Act of 1933, 17 C.F.R. § 230.252(e)(1), violates due process under the Fifth Amendment of the United States Constitution. Further, plaintiff contends Rule 252(e)(1) exceeds the statutory authority granted by Congress to the Securities and Exchange Commission.

Rule 252(e)(1) disqualifies broker-dealers from underwriting unregistered public offerings under Regulation A for five years if the broker-dealer was, or was named as, an underwriter in a registered offering previously suspended by the Commission. On December 23, 1981, the Commission issued notice of a hearing under Section 8(d) of the Securities Act of 1933, 15 U.S.C. § 77h(d), to determine whether a stop order should issue suspending the effectiveness of the registration statement for the stock of Advanced Chemical Corporation, underwritten by the plaintiff. The hearing was to commence January 6, 1982. On February 16, 1982, plaintiff was advised that it was temporarily barred from participating in additional Regulation A offerings pending the outcome of the Section 8(d) proceedings against Advanced Chemical Corporation.

Plaintiff recognizes that it has a post-disqualification remedy under Rule 252(g), 17 C.F.R. § 230.252(g), which permits the Commission to exempt the plaintiff from the effects of Rule 252(e)(1) if good cause can be shown. Plaintiff has not pursued this remedy, believing that the Commission takes 60 to 90 days to respond to an exemption request, and that defendants Fulford and Findlay had determined they would recommend to the Commission that any request by plaintiff be denied. As the plaintiff alleged, seeking relief would thus be futile, especially where plaintiff believes no appeal is provided from a Commission's decision made under Rule 252(g) [Plaintiff's Amended Complaint, p. 18].

Review by the Court of Appeals is clearly available for any person aggrieved by an order of the Securities and Exchange Commission. 15 U.S.C. § 77i(a). Because the plaintiff has an adequate administrative remedy from which judicial review is provided, this court grants the defendants' motion to dismiss without prejudice. It is not necessary to reach defendants' motion to dismiss the individual defendants.

It has long been recognized that administrative remedies must be exhausted even where questions of statutory interpretation and constitutionality of statutes and regulations are raised in the plaintiff's complaint. *Aircraft and Diesel Equipment Corp. v. Hirsch,* 331 U.S. 752, 772–73, 67 S.Ct. 1493, 1503–1504, 91 L.Ed. 1796 (1947); *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). The mere fact that a complaint raises such questions does not exempt the action from the exhaustion doctrine. *St. Regis Paper Co. v. Marshall,* 591 F.2d 612, 614 (10th Cir. 1979); *Rigby v. Rasmussen,* 275 F.2d 861, 865 (10th Cir. 1960).

In *St. Regis Paper Co. v. Marshall,* the plaintiff argued its action was excepted from the exhaustion doctrine because, *inter alia,* important questions of law raised by the complaint involving statutory interpretation and the constitutionality of regulations were within the expertise of the courts rather than the agency, and that review by the agency would be expensive

**274**

and fruitless, since the agency is not likely to void its own regulation. The Tenth Circuit Court of Appeals pointed out that "[a]gency review of the challenged regulations prior to judicial consideration is desirable even where pure questions of law are concerned, in order to provide the court with the benefit of the agency's considered interpretation of its enabling authority." 591 F.2d at 614. Another benefit is that the "administrative process further preserves the opportunity for the agency to correct an ill-conceived regulation and moot the issue without judicial interference." *Id.*

This court refuses to assume the Commission will arbitrarily act on the plaintiff's request for an exemption under Rule 252(g), especially where plaintiff will be afforded an opportunity to develop a record, factual and legal, on which the Commission's action can be reviewed. *See* 17 C.F.R. §§ 201.11–16.

Finally, after review of plaintiff's allegations of present and potential injury, it must be concluded a clear showing of irreparable injury has not been presented from which a court could consider an exception to the exhaustion doctrine. *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1975). As the Supreme Court declared in *Aircraft and Diesel Equipment Corp. v. Hirsch,* 331 U.S. 752, 773–74, 67 S.Ct. 1493, 1503–1504, 91 L.Ed. 1796 (1947): "Where the intent of Congress is clear to require administrative determination, either to the exclusion of judicial action or in advance of it, a strong showing is required, both of inadequacy of the prescribed procedure and of impending harm, to permit short-circuiting the administrative process." In the present action, the plaintiff's allegations of harm do not rise to a degree sufficient to warrant circumventing an available administrative remedy.

Accordingly, this matter is dismissed without prejudice.