John **MADSEN**, Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

**Civ. No. 86–1155.**

United States District Court,
D. Idaho.

April 13, 1987.

John Madsen, pro se.

Maurice O. Ellsworth, U.S. Atty., William R. VanHole, Asst. U.S. Atty., D. Idaho, Boise, Idaho, for defendant.

## ORDER

RYAN, District Judge.

On December 15, 1986, plaintiff filed with the court a motion to reopen this action. Before reaching a determination on this motion, a review of the factual and procedural background in this matter is in order.

Plaintiff initially presented a complaint to this court for filing under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* The complaint alleges illegal termination of disability benefits and Medicare by the Social Security Administration. It is alleged that as a result of these actions by the Social Security representatives, plaintiff has been forced into bankruptcy, been delayed medical treatment, and has suffered mental pain and anguish.

On March 26, 1986, United States Magistrate Mikel Williams returned plaintiff's complaint with a cover letter informing plaintiff that the exclusive method to review decisions on the part of the Social Security Administration was through Title 42, Section 405(g) of the United States Code, and not by way of the Federal Tort Claims Act. Plaintiff subsequently resubmitted the complaint alleging jurisdiction under 42 U.S.C. § 405(g).

On May 14, 1986, the court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(d) for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 405(g). On May 16, 1986, plaintiff petitioned the court to reconsider its decision of May 14, 1986, on the grounds that he had tried unsuccessfully on a number of occasions to obtain administrative review of the Secretary's decision terminating his benefits. Based upon these representa-

tions, the court, on May 29, 1986, granted the motion to reconsider and rescinded its order dismissing plaintiff's complaint. In the order of May 29, 1986, the court further ordered the government to respond to the petition for reconsideration as to the issue of exhaustion.

On July 18, 1986, the court received the government's response to the above order. Submitted with the response was an affidavit from William VanHole, Assistant United States Attorney. In the affidavit VanHole submitted that he had sent a letter to plaintiff informing him of the individuals to contact in order to initiate administrative proceedings under 42 U.S.C. § 405(g). VanHole further indicated that he had a telephone conversation with plaintiff and was told that plaintiff intended only to seek the monetary damages claimed in the complaint and that it was not his intent to seek judicial review of a determination by the Social Security Administration. VanHole thereafter submitted to plaintiff a copy of Standard Form 95, the administrative claim form under the Federal Tort Claims Act. On August 18, 1986, the court denied plaintiff's motion to reconsider for failure to exhaust his administrative remedies under 42 U.S.C. § 405(g) and 28 U.S.C. § 2671. Plaintiff's second motion to reconsider was denied on September 18, 1986.

The court received plaintiff's motion to reopen on December 15, 1986. Attached to the motion was a final administrative determination by the Department of Health and Human Services. In the decision dated December 9, 1986, the Secretary denied plaintiff's administrative claims under the Federal Tort Claims Act.

██ In light of the fact that plaintiff has exhausted his administrative remedies under the Federal Tort Claims Act, the complaint for damages under the Act may now appropriately be considered by the court. The court will construe the complaint as a claim for review of the final administrative decision under the Federal Tort Claims Act.

██ Upon review of the complaint, the court finds that plaintiff's claims under the Federal Tort Claims Act must be dismissed.

Plaintiff's first claim for damages arising from the termination of benefits in February of 1982 is barred by the applicable statute of limitations for bringing a tort claim against the United States. Title 28 U.S.C. § 2401(b) provides that a tort claim must be presented to the appropriate agency within two years after the claim accrues. Moreover, plaintiff's claims for illegal termination of benefits and the alleged resulting damages are simply inappropriate for review under the Federal Tort Claims Act. Title 42 U.S.C. § 405(h) makes it clear that 42 U.S.C. § 405(g) provides the exclusive remedy for review of claims arising under Title II of the Social Security Act. Review of claims arising under the Medicare Act are likewise limited by Section 405(g). *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). The complaint in this case alleges that all of plaintiff's damages arose from the denial of benefits in 1982. Plaintiff's claims are simply not appropriate for review under the Federal Tort Claims Act. *See Honea v. Harris*, 498 F.Supp. 1169, 1171 (S.D.Miss.1980).

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that plaintiff's complaint for damages under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, should be, and is hereby, DISMISSED.